Alubn, J.
 

 Tbe sole legal question presented by this record is whether under tbe facts conceded in tbe agreed statement and disclosed in tbe evidence tbe husband of the plaintiff below was injured in tbe course of bis employment. Tbe record discloses and tbe commission concedes that upon tbe morning in question, in tbe neighborhood of 2 o’clock, after Henry bad started bis work for tbe day by giving his order for tbe amount of milk required for bis delivery route, be went for bis breakfast to tbe north across tbe tracks of tbe Big Four Railroad, and to come back to tbe dairy was compelled to return across those tracks by whatever street be proceeded. However, it is the contention of tbe Industrial Commission that he had a choice as to where be should secure bis meal; that he could have brought his lunch with him; that be could have gone to a restau
 
 *620
 
 rant upon the other, or southerly, side of the track; that he was in exactly the same position as if at noon he had gone out to get his lunch and been struck by a street car or an automobile; and that hence the accident did not arise out of and in the course of his employment.
 

 The court in his charge to the jury instructed them to take into consideration “the nature of the employment, the hours of service required of the decedent, the nature and condition of the premises where the deceased was employed, and of the premises surrounding the same, the natural and ordinary conduct of persons so employed during such hours while acting in such employment.” The plaintiff in error requested and the court refused to charge the jury that, if they found Henry was injured on a public alley, and killed by being struck while crossing railroad tracks returning to his place of employment from a restaurant where he had eaten his breakfast, such injury would not be one in the course of, and arising out of, his employment, within the meaning of the Ohio Workmen’s Compensation Act (Section 1465-37
 
 et seq.,
 
 G-eneral Code), and their verdict should be for the defendant.
 

 Was the giving of the first charge or the refusal of the request to charge reversible error?
 

 The majority of the court considers the case of
 
 Industrial Commission
 
 v.
 
 Barber,
 
 117 Ohio St., 373, 159 N. E., 363, not applicable to this situation. The right of way of the Big Pour Railroad is not under the control of the employer of Henry in the slightest degree, and hence the peculiar conditions which existed in the
 
 Barber case
 
 are not here present.
 

 The record shows that it was the custom for the
 
 *621
 
 men who worked during night hours at the dairy, after they had started their employment, while waiting for the orders to be filled, to go to get their breakfast, and then return to the plant. This was the practice with the men who began work at these hours, acquiesced in by the employer, evidently because it contributed to the men’s efficiency. Hence it was a custom incidental to the employment, and the employer contemplated that Henry should act according to the custom. Therefore the court did not err in instructing the jury to take into consideration not only the nature and the condition of the premises, but also the nature of the employment and the hours of service required of the decedent and the natural and ordinary conduct of persons so employed during such hours.
 

 Proceeding to consider whether the court committed reversible error in refusing the charge requested, we overrule this objection also. Under this record, the deceased at the time of the accident had already entered upon his employment, and was traveling the most direct route to perform the next necessary act in the course of such employment. In order to complete that route and to do that act he was compelled to cross tracks immediately adjacent to the premises of his employer. The location of the plant was at a place so situated as to make the customary and only way of immediate ingress and egress toward the north one of hazard. If Henry went toward the north from the plant, he could not select his way back. He had no other choice than to go over the railroad tracks in order to return to his work. In view of the nature of the employment, the hours of service, the condition of the premises and
 
 *622
 
 the location of the tracks, Henry was obliged regularly and continuously to cross these tracks, and hence was subjected to a degree of exposure to the common risk beyond that to which the general public was subjected.
 

 This is the reasoning of Mr. Justice Sutherland in the" case of the
 
 Cudahy Packing Co. of Nebraska
 
 v.
 
 Parramore,
 
 263 U. S., 418, 44 S. Ct., 153, 68 L. Ed., 366, 30 A. L. R., 532, which affirmed a judgment of the Supreme Court- of Utah, to the effect that the death of an employee of the plant so located that it can be reached from the east, where the employee lived, only by passing over railroad trácks crossing the highway, arises out of or in the course of his employment within the meaning of the Workmen’s Compensation Act. The employee was going to his work upon a public road which ran to the plant in question over certain railroad tracks. While the record showed that Parramore lived to the east of the tracks, and hence was compelled to cross the tracks to reach the plant, the record does not show that he could not have lived west of the tracks. The road upon which Parramore was traveling at the time of the accident was a county road which extended beyond the plant, and, while the employees customarily lived east of the tracks, there is nothing to indicate that it was impossible to live west of the tracks. Paraphrasing the argument of the Industrial Commission in the instant case, if Parramore lived east of the tracks, he had no choice but to cross the tracks in going to work, but he had a choice as to whether he should live east or west of the tracks. Yet the Supreme Court of the United States held that Parramore could not, at the point of the
 
 *623
 
 accident, select his way, and that hence he was subjected to a degree of exposure to the common risk beyond that to which the general public was subjected.
 

 Holdings within the reasoning of the
 
 Parramore case
 
 are found in
 
 Lumberman’s Reciprocal Assn.
 
 v.
 
 Behnken,
 
 112 Tex., 103, 246 S. W., 72, 28 A. L. R., 1402;
 
 Procaccino
 
 v.
 
 E. Horton & Sons,
 
 95 Conn., 408, 111 A., 594, 595;
 
 Wabash Ry. Co.
 
 v.
 
 Industrial Commission,
 
 294 Ill., 119, 128 N. E., 290.
 

 In the
 
 Procaccino case, supra,
 
 an employee while returning from a meal was killed at a railroad crossing near the plant, after having crossed the canal by one of several footbridges maintained by different manufacturing plants. It was not impossible for the employee to have used another method of approach. The Supreme Court of Connecticut pointed out in this connection that “It does not render the dangers of this contemplated method of approach any less an incident of the decedent’s employment that there existed a method of approach by way of the Warehouse Point highway which would permit him to cross the railroad tracks on a highway. This method of approach for persons in the situation of the decedent was highly inconvenient, and it was not contemplated by the defendants in his employment that he should ordinarily use it.”
 

 In the case of
 
 Bountiful Brick Co.
 
 v.
 
 Industrial Commission,
 
 68 Utah, 600, 251 P., 555, the death of an employee who was struck by a train while crossing tracks east of the plant was held to have arisen out of or in the course of the employment notwithstanding that there was a different means of entrance to the plant over a more circuitous route.
 

 
 *624
 
 In
 
 Lovallo
 
 v.
 
 American Brass Co.,
 
 112 Conn., 635, 153 A., 783, the claimant’s decedent was employed in overtime work for the company. After he had eaten his lunch during the lunch period allowed by the company, he struck a match to light his pipe. The clothing he used at his work was oily and greasy by reason of the nature of his employment, and caught fire from the match, and he was fatally burned. Smoking by employees during the lunch time had not been forbidden by the company. It was held that the accident arose out of and in the course of the decedent’s employment, and claimant was entitled to compensation.
 

 In the instant case we think that the hazard of this track immediately adjacent to the plant constituted a hazard of the employment for men who as an incident to their work, after their work had begun, customarily with the consent of their employer went across the tracks to get their breakfast in the early morning hours, and that the trial court did not err, either in its charge, or in refusing to give the charge requested on behalf of the commission.
 

 Judgment affirmed.
 

 Marshall, 0. J., Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.