FRISHKORN, APPELLANT, *v.* FLOWERS, ADMR., BUREAU OF
WORKMEN'S COMP., ET AL., APPELLEES.

(No. 30361—Decided May 27, 1971.)

**166**

Mr. *Harold Ticktin,* for plaintiff.
Mr. *Paul W. Brown,* for defendant Jay C. Flowers.
Messrs. *Ulmer, Berne, Laronge, Glickman & Curtis,* for defendant Cook Coffee Company.

MANOS, J. This appeal is on questions of law from a decision of the Common Pleas Court denying claimant an award on the ground that he did not sustain an injury in the course of and arising out of his employment.

The claimant, a 16-year-old high school student, worked part-time as a "carry-out" boy for the Pick-n-Pay division of the Cook Coffee Company located in the Great Northern Shopping Center in North Olmsted, Ohio. The employer's store is one of approximately forty-three retail outlets in the shopping plaza. The stores are all grouped in the center of the mall which is adjacent to a large parking area estimated to accommodate several thousand cars. The parking area is operated, controlled, and maintained by North Shoppers Mart, Inc., the owner of the entire shopping center, and the employer appellee has no ownership or control whatever over this area. The parking lot is used by the employees as well as the customers of the various stores. There is no charge to park, and the employees of the defendant were permitted the right to park their motor vehicles and/or motor bikes anywhere in the area zoned for parking.

On September 24, 1966, a few minutes before 10 a. m., claimant alleges that he sustained injuries when his motor bike was struck by a motor vehicle in the parking area as he was proceeding to his employer's place of business.

The court did not set forth reasons for its decision that the parking area of the shopping center is not part of the zone of employment for employees of tenants of the shopping center. Appellee contends that the parking lot is not under its control or maintenance and that it should thus be absolved from any responsibility for injuries one of its employees may sustain from a collision with a motor vehicle.

The "zone of employment" concept as pronounced by the Supreme Court of Ohio in *Industrial Commission of Ohio* v. *Barber,* 117 Ohio St. 373 and *Merz* v. *Industrial Commission of Ohio,* 134 Ohio St. 36, traditionally would imply that there must be actual ownership or control by the appellant's employer, the Pick-n-Pay division of the Cook Coffee Company, over the complete area known as the Great Northern Shopping Center, where the business premises of appellant's employer are located, before there can be jurisdiction under the workmen's compensation law to consider the merits of appellant's injury sustained in the shopping center as described by the facts in this case.

It would be impractical and illogical to apply this principle to a shopping plaza consisting of multiple independent businesses, each of which would have to be an owner in common with all the other tenants in order to share a nebulous control over its geographical confines and simulate a joint zone of employment. Such concept is too narrow and restrictive and is as outmoded as holding that an accident sustained by an employee going to or leaving work by means of an elevator or stairway in a building shared in common by different tenants, did not occur in the course of or arise out of the employment because the elevator or stairway was not part of the premises over which the employee's particular employer exercised any control at the time and place of the accident.

In contrast, the control of the premises test in this case should be viewed in the light of the control the employer has over claimant's work activities in the employment environment and whether such activities were reasonably incidental to and part of the necessary obligations of his job. It is of great significance that appellant's employer, Pick-n-Pay, was an inseparable business component of the shopping center environment in which the injury occurred. The employment environment, which should be an important test of control, extended constructively from the actual premises of the Pick-n-Pay store to and included the parking area of the shopping center.

The facts in this case can be analogized to the railroad crossing cases, particularly the case of *Industrial Commis-*

*sion* v. *Henry,* 124 Ohio St. 616, in which a distinction was made from the concept of control and zone of employment as defined in *Industrial Commission* v. *Barber* and *Merz* v. *Industrial Commission, supra.* In *Henry,* the court stated in paragraph one of the syllabus: "Where the claimant's decedent * * * while returning to the premises of the employer by a direct and necessary route along a public thoroughfare, was struck by a train running upon the tracks of a railroad so immediately adjacent to the premises of the employer that the only way of ingress and egress * * * was one of hazard, the accident arose out of and in the course of the decedent's employment."

In *Spellman* v. *Industrial Commission,* 73 Ohio App. 369, a similar railroad crossing case, the court held: "In the instant case the tracks were so immediately adjacent to the premises of the employer that the only way of ingress and egress to and from them was one of hazard and they were in such proximity to the premises of the employer that they may be said, under all the circumstances, to be within the zone of the employee's employment." 73 Ohio App. at 379.

In neither the *Henry* case nor the *Spellman* case were the railroad tracks on the employer's premises or within its control. The premises idea has been expanded by some courts to include areas of a common right of passage which are closely associated with the employer's premises to be considered in effect a part thereof, even where those areas are not owned, leased or in any way controlled by the employer. See *Sudine's Case,* 218 Mass. 1, 105 N. E. 433; *Papineau* v. *Industrial Accident Commission,* 45 Cal. App. 181, 187 P. 108; *Mannering's Case,* 290 Mass. 517, 195 N. E. 757; *Wilson Garment Mfg. Co.* v. *Edmonds,* 312 Ill. App. 317, 38 N. E. 2d 534. *Cf., Sebek* v. *Cleveland Graphite Bronze Co.,* 148 Ohio St. 693; *Inland Mfg.* v. *Lawson,* 15 Ohio App. 2d 192.

In the instant case, the parking area was appellant's normal and customary means to and from his employer's premises to which such passageway was an indispensable appurtenance. In reality, the employer and the other tenants of the Great Northern Shopping Center, having reci-

procal rental rights and privileges, were also accorded the common use and access of the parking area. Logically, to that extent, this was tantamount to an essential expansion of their respective premises for the purpose of adequately serving and furthering their business interests. It follows that the appellant-employee, as well as the employees of the other tenants, derived their similar rights and privileges from the shopping center by virtue of a vested privity in the objectives of their employers. The conditions and environments of the employment exposed appellant to the special hazards created by the trafficking of trucks and automobiles in the parking area from which his injury resulted.

The zone of employment test cannot and should not isolate and exclude the zone of employment danger. See *Freire* v. *Matson Navigation Co.*, 19 Cal. 2d 8, 118 P. 2d 809. Appellant's sphere of employment extended beyond the place where the services were to be preformed and embraced the parking area and its zone of danger. With the advent of shopping centers and their multiple and varied retail outlets, the control of the zone of employment tests as applied in *Industrial Commission* v. *Barber*, and *Merz* v. *Industrial Commission, supra,* calls for modifications that must keep pace with the trends of changing times which inexorably transform staid truisms into anachronisms. The relative limits or expansion of the zone of employment danger, to which an employee is subjected, must be determined from the logical and close association of the surrounding area to the premises of employment, together with the peculiar circumstances and hazards existing in relation thereto, and if an employee is injured as a result of such conditions while discharging a duty to the employer as a necessary incident to his work, he is entitled to compensation, notwithstanding the fact that the surrounding areas are neither owned nor controlled by the employer. *Accord*: *Berry* v. *B. Gertz., Inc.*, 21 A. D. 2d 708, 249 N. Y. S. 2d 285; *Chadwick* v. *Clark*, 19 A. D. 2d 679, 241 N. Y. S. 2d 756; *In the Matter of Rosenwasser* v. *Lane Lake Success*, 9 A. D. 2d 1001, 195 N. Y. S. 2d 74. *Cf., Meo* v. *Commercial Can Corp.*, 76 N. J. Super. 484, 184 A. 2d 891.

Although the parking area was not owned or controlled by Pick-n-Pay, the necessities of its business contemplated the use of such space by its employees and customers and required appellant to be where his accident occurred. He was injured while doing what he was normally expected to do—going to the premises to render service to his employer, traversing a way so closely associated with the premises as to be part thereof, performing a "required duty done incidentally in the service of the employer." See *Industrial Commission* v. *Ahern,* 119 Ohio St. 41. As stated in *Kasari* v. *Industrial Commission,* 125 Ohio St. 410, "An employe, entering the premises of his employer * * * but who has not yet reached the place where his service is to be rendered, is discharging a duty to his employer which is a necessary incident to his day's work." In *Industrial Commission* v. *Weigandt,* 102 Ohio St. 1, at 8-9, the court stated: "The injury in this case was caused by an occurrence occasioned in the environment, and it was an injury 'occasioned in the course of employment' and because of the employment."

It is well settled that while an employee is not entitled to workmen's compensation for an injury sustained in going to or departing from his employment, he is entitled to compensation if the employment creates a specific risk, for injuries sustained allegedly within the field of that risk. We, therefore, conclude that appellant sustained his injury in the course of and arising out of his employment within the purview of the workmen's compensation law.

The lower court's judgment is reversed and final judgment is entered for plaintiff appellant.

*Judgment reversed.*

DAY, C. J., and SILBERT, J., concur.