BRALLEY, APPELLEE, *v.*
DAUGHERTY, ADMR., ET AL., APPELLANTS.

[Cite as Bralley v. Daugherty (1980), 61 Ohio St. 2d 302.]

(No. 79-526—Decided March 12, 1980.)

Messrs. *Larrimer & Larrimer, Mr. Craig Aalyson* and *Mr. Kenneth M. Mortimer,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Solomon H. Basch,* for appellants Administrator and Industrial Commission.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Thomas M. Taggart* and *Mr. Robert A. Minor,* for appellant Larsan Mfg. Co.

*Per Curiam.* An injury sustained by an employee is compensable under the Workers' Compensation Act only if it was "received in the course of, and arising out of, the injured employee's employment." R. C. 4123.01(C); R. C. 4123.54; *Fassig* v. *State, ex rel. Turner* (1917), 95 Ohio St. 232.

The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a "causal connection" existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment. *Indus. Comm.* v. *Weigandt* (1921), 102 Ohio St. 1; *Indus. Comm.* v. *Gintert* (1934), 128 Ohio St. 129; *Fox* v. *Schiele* (1955), 162 Ohio St. 569.

As a general rule, where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable. *Lohnes* v. *Young* (1963), 175 Ohio St. 291; *Simerlink* v. *Young* (1961), 172 Ohio St.

427; *Indus. Comm.* v. *Gintert, supra; Indus. Comm.* v. *Baker* (1933), 127 Ohio St. 345. An employee is no longer subject to strict application of this general rule once he reaches the premises of his employer. Injuries sustained while the employee is within this "zone of employment" may be compensable under the Act. *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18; *Gregory* v. *Indus. Comm.* (1935), 129 Ohio St. 365; *Kasari* v. *Indus. Comm.* (1932), 125 Ohio St. 410; 1 Larson, The Law of Workmen's Compensation 4-3, Section 15.11.

Compensability, however, is not in every instance limited to injuries sustained on the employer's premises. In *Indus. Comm.* v. *Barber* (1927), 117 Ohio St. 373, this court recognized that an employee could enter upon the course of his employment prior to entering the inclosure of his employer (injury sustained while employee was traveling the sole access route to his place of employment, that being a street under the employer's control, held compensable). In *Indus. Comm.* v. *Henry* (1932), 124 Ohio St. 616, an employee, after reporting for work, left the employer's premises to breakfast at a restaurant, in accordance with a custom acquiesced in by the employer. The sole access route to the restaurant from the work place was a public thoroughfare over which the employer had no control. While returning to the premises the employee was struck by a train at a railroad crossing situated immediately adjacent to the premises. This court held proper the trial court's instruction to the jury requiring it to take into consideration, for purposes of determining whether the employee's death arose out of and in the course of his employment, "the nature of the employment, the hours of service required of the decedent, the nature and conditions of the premises where the deceased was employed, and of the premises surrounding the same, [and] the natural and ordinary conduct of persons so employed during such hours while acting in such employment." *Id.* at page 620.

In *Indus. Comm.* v. *Baker, supra* (127 Ohio St. 345), the employee was driving his automobile over a much-traveled public highway to his place of employment, and was killed at a railroad crossing fully a quarter of a mile from the employer's

premises. In order to reach the plant by the shortest route, it was necessary for the employee to cross a number of interurban, streetcar and railroad tracks. It was held that the employee's death did not arise out of the course of his employment. This court's opinion factually distinguished *Indus. Comm.* v. *Henry, supra,* noting, at page 350, that *Henry* "was decided upon a record which disclosed that the hazard involved was immediately adjacent to the plant, and that customarily, and with the consent of the employer, such hazard was encountered by the employees during the time of their actual employment."

In the instant cause the injury did not occur during the time of actual employment and was sustained over one-third of a mile from the place of employment rather than "immediately adjacent" thereto as in *Henry, supra.* The employer had no control over the asphalt road or the railroad crossing where the accident occurred. The existence of the railroad siding did not service, nor was it of any benefit to, the employer. The asphalt road was of the same nature and subject to the same uses as public roads and highways in general. The record does not indicate that the employer furnished or paid for appellee's transportation to and from work.

Although none of these facts standing alone necessarily would bar appellee's claim for benefits, it is this court's opinion that the totality of facts and circumstances, as in *Indus. Comm.* v. *Baker, supra,* do not justify a finding of the causal connection requisite to participation in the fund. Appellee's injuries did not arise out of and in the course of her employment.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.