SCHOOF, APPELLANT, *v.*
NATIONAL CITY BANK ET AL.

(No. 51510—Decided
May 18, 1987.)

*Grace A. Szubski,* for appellant Cheryl E. Schoof.

*Richard Davies,* for appellee National City Bank.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark Mastrangelo,* for appellees Industrial Commission and Administrator.

INDERLIED, J. Appellant appeals the trial court's affirmation of the administrative denial of her right to participate in the Ohio Workers' Compensation Fund. She was injured while on her way to work for appellee, National City Bank, when a revolving door at the entrance to the building in which she worked collapsed on her. Her sole assignment of error is as follows:

"The trial court erred in ruling that plaintiff-appellant was not entitled to judgment as a matter of law on the ground that the injury complained of did not arise out of, and in the course of, her employment."

The assignment is not well-taken.

Appellant claims her injury is one she incurred in the course of, and arising out of, her employment by virtue of the two-prong test promulgated in *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570.

In *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, 303, 15 O.O. 3d 359, 360, 401 N.E. 2d 448, 450, the Supreme Court set forth the following rule:

"As a general rule, where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable.* * * "

In *Littlefield,* however, the court recognized the following "special hazard" exception to the general rule in paragraph two of the syllabus:

"The special hazard rule applies where: (1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public."

In explaining this exception the court stated:

"The 'special hazard or risk' exception is a means of avoiding the strict application of the general rule. Accordingly, an employee will be entitled to compensation, if the employment creates a special risk, for injuries sustained in the scope of that risk. A special risk may be on the employer's premises or involve the necessary means of access to the premises, even when the access is not under the employer's control or management. * * * " *Id.* at 391, 6 OBR at 441, 453 N.E. 2d at 573.

We find that the *Littlefield* case is factually inapposite to this one. In *Littlefield,* there was only one access to the work premises; the employee was on a break, and therefore already "on duty"; and the route followed back to work was the necessary and most direct possible route. In the case *sub judice,* there were other accesses to the building; the door in question was not for the exclusive use of National City Bank employees; appellant was not yet "on duty"; and National City Bank did not own or manage the building being entered by appellant.

Accordingly, there is no "special hazard or risk" to merit extension of the *Littlefield* exception to this case.

It is therefore ordered that the assignment of error is overruled, and that the judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, P.J., and MATIA, J., concur.

H. F. INDERLIED, JR., J., of the Court of Common Pleas of Geauga County, sitting by assignment in the Eighth Appellate District.