BROWN, Appellee,

v.

B.P. AMERICA, INC., Appellant.

[Cite as *Brown v. B.P. Am., Inc.* (1993), 85 Ohio App.3d 194.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 61581, 61949.

Decided Jan. 25, 1993.

*Michael Lebby Smith,* for appellee.

*Reminger & Reminger Co., L.P.A.,* and *Francis X. Gardner,* for appellant.

---

NAHRA, Judge.

B.P. America, Inc. appeals from the trial court's decisions which affirmed the allowance of Yvonne Brown's workers' compensation claim and awarded her attorney fees. For the reasons set forth below, we reverse.

On December 31, 1987, Yvonne Brown was employed by B.P. America as a CRT operator in what was then the Midland Building on Prospect Avenue in Cleveland. At 9:30 in the morning on that date, Brown left her office to go to the Ameritrust bank office located off the lobby shared by the Midland Building with other adjacent buildings. Apparently B.P. America allowed its employees to go to the bank during regular working hours on pay days. After leaving the elevator and going towards Ameritrust in this common lobby, Brown fell and injured her back. Brown did not know what caused her fall.

Brown's workers' compensation claim was allowed by a district hearing officer. Her claim was affirmed by the regional board of review and on further appeal. B.P. America then appealed the claim to the common pleas court pursuant to R.C. 4123.519, and the court affirmed the claim. The court also awarded Brown attorney fees pursuant to R.C. 4123.519(E). B.P. America timely appealed allowance of the claim in Cuyahoga App. No. 61581 and appealed the award of fees in Cuyahoga App. No. 61949. The cases were consolidated in appellant's motion.

## I

Appellant's first assignment of error states as follows:

"The trial court erred as a matter of law in 'affirming' the 'Decision of the Ohio Board of Employment Services Industrial Commission,' and in finding that plaintiff-appellant sustained an injury on December 31, 1987 in the course of, and arising out of, her employment, entitling her to participation in the benefits of the Ohio Workers' Compensation Fund."

Ohio's workers' compensation statute covers "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.-01(C). In *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661, syllabus, the Ohio Supreme Court recently held as follows:

"As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist."

Case law prior to *MTD Products, supra,* allowed claims when an employee was not on the employer's premises but was within the so-called "zone of employment." See, *e.g., Frishkorn v. Flowers* (1971), 26 Ohio App.2d 165, 55 O.O.2d 310, 270 N.E.2d 366 (claim allowed for employee injured in communal parking lot on his way to work at a store in the mall); *Indus. Comm. v. Henry* (1932), 124 Ohio St. 616, 180 N.E. 194 (claim allowed for employee killed on railroad tracks adjacent to employer's premises while returning to work after meal). However, *MTD Products* indicates that injuries occurring off the employer's premises but within the "zone of employment" will be compensable henceforth only when the employment itself created a special hazard. The court stated the requirements for a special hazard as follows, quoting from the syllabus of *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570:

"(1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public."

*MTD Products* overruled *Littlefield.* In *Littlefield,* the employee was returning to work by car from a lunch break. He was rear-ended while waiting to make a left-hand turn into the plant entrance of his employer. The *MTD Products* court explained that the *Littlefield* claim should not have been allowed because "[t]he risk to an employee making a turn from a busy roadway and into the plant entrance is no different from, and no greater than, the risk that any number of the driving public encounters every day on crowded and congested city streets." *MTD Products, supra,* 61 Ohio St.3d at 69, 572 N.E.2d at 664. The court affirmed the special hazard rule as set forth in *Littlefield,* see *supra,* explaining that *Littlefield* was an incorrect application of the law to the facts. The court went on to state that MTD created no special hazard where its employee Robatin was rear-ended while slowing down to turn into the MTD premises. Accordingly, Robatin's claim was disallowed.

In the case at bar, Brown was not on B.P. America premises when she was injured, but was nearby in the communal lobby. While Brown would not have been traversing the lobby but for her employment in the adjacent building, the risk of falling in that lobby was not a special hazard created by B.P. America. Yvonne Brown took the same risk as any other member of the public who chose to enter the lobby. Accordingly, pursuant to *MTD Products,* Brown's claim should not have been allowed.

We also note that Brown's claim was also problematical pursuant to prior case law because she was engaged with a personal errand, not the business of her employer. Compare *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271 (claim allowed where employee injured on employer's premises while collecting for an employees' flower fund). See, also, *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96 (claim not allowed where employee was killed three miles way from his last assignment) and *Hill v. Gen. Metal Heat Treating, Inc.* (1988), 47 Ohio App.3d 72, 547 N.E.2d 405 (claim not allowed where employee killed on lunch break).

Since Brown was engaged with a personal errand and fell in a public place outside the employer's premises where there was no special hazard created by her employer, the trial court erred in upholding her claim. Appellant's first assignment of error is sustained.

## II

Appellant's second assignment of error reads as follows:

"The trial court erred as a matter of law in granting plaintiff's motion for attorney fees and awarding plaintiff's counsel attorney fees in the amount of $2500.00."

R.C. 4123.519(E) reads as follows:

"(E) The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, *in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal,* shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars." (Emphasis added.)

Since we have determined that Brown is not entitled to participate in the fund, she is also not entitled to attorney fees. Appellant's second assignment of error is sustained.

*Judgment reversed.*

DYKE, C.J., and JAMES D. SWEENEY, J., concur.