FOGARAS, Appellee,

v.

UNIVERSITY HOSPITALS OF CLEVELAND, Appellant, et al.

[Cite as *Fogaras v. Univ. Hospitals of Cleveland* (1998), 129 Ohio App.3d 653.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 72617 and 72618.

Decided Sept. 4, 1998.

*Ticktin, Baron, Koepper & Co.* and *Harold Ticktin,* for appellee.

*Rademaker, Matty, McClelland & Greve, Robert C. McClelland* and *Kirk R. Henrikson,* for appellant.

TERRENCE O'DONNELL, Judge.

University Hospitals appeals from two separate orders granting summary judgment to Virginia Fogaras in her workers' compensation actions finding that she was in the zone of employment when she tripped and fell on December 22, 1994, and April 17, 1995. For the reasons that follow, we conclude that the court did not err and, therefore, affirm those judgments.

On December 22, 1994, Fogaras, an employee of University Hospitals, fell while using the pedestrian walkway adjacent to the Cornell parking garage, which is owned and operated by University Circle, Inc., a nonprofit corporation of which University Hospitals is a member. On April 17, 1995, Fogaras again fell while descending a staircase after parking her car in the Cornell garage.

Fogaras filed separate applications for workers' compensation benefits, but her claims were denied and she appealed to the common pleas court. The parties filed cross-motions for summary judgment in each case, and the court after consideration found Fogaras to be within the zone of employment when her injuries occurred and, therefore, granted judgment to her as a matter of law in both cases. The hospital appeals from these decisions, which we have consolidated for review, and assigns the following as error:

"The trial court erred in granting summary judgment for plaintiff-appellee and denying summary judgment to defendant-appellant, University Hospitals of Cleveland, in two separate cases involving the right to participate in the Workers' Compensation Fund for injuries sustained off the employer's premises while on the way to work."

University Hospitals contends that the court erred in granting summary judgment to Fogaras because it claims she sustained off-premises injuries that did not result from any special employment hazard.

Fogaras asserts that no genuine issue of material fact exists regarding her injuries and, therefore, that the court correctly determined she is entitled to judgment as a matter of law.

The parties generally agree that there are no genuine issues as to any material facts in dispute; therefore, the matter for our resolution is whether Fogaras is entitled to judgment as a matter of law, which is dependent upon whether Fogaras received injuries in the course of and arising out of her employment.

The central issue for resolution is whether the injury sustained by Fogaras entitles her to participate in the Workers' Compensation Fund. As a general rule, the Ohio Supreme Court has recognized in *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 360, 401 N.E.2d 448, 450:

"[W]here an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable."

The court continued, at 304–305, 15 O.O.3d at 360–361, 401 N.E.2d at 450–451, and stated that this general rule does not operate as a complete bar to an employee who sustains injury commuting to and from work if the injury occurs within the "zone of employment."

In paragraph one of its syllabus in *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570, the court announced a second exception to the general rule precluding compensation for an employee traveling to and from the workplace:

"An employee will be entitled to workers' compensation benefits when the employment creates a special hazard and the injuries are sustained because of that hazard."

In *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 69–70, 572 N.E.2d 661, 664–665, the court held that the claimant did not receive injuries within the zone of his employment, that the employer did not create a special hazard, and that under the totality of the circumstances, no causal connection existed between the claimant's injury and employment.

In appellant's brief and during oral argument, counsel challenged several recent cases decided by this court that allegedly misconstrue *MTD Products*. We recognize that in *MTD Products v. Robatin, supra,* the Supreme Court separately considered both the zone-of-employment issue and the special-hazard issue in connection with the facts of that case. Here, we recognize that the issue of whether Fogaras may participate in the Workers' Compensation Fund is

dependent upon whether she had entered the zone of her employment at the time she sustained her injuries.

In *Sloss v. Case W. Res. Univ.* (1985), 23 Ohio App.3d 46, 23 OBR 90, 491 N.E.2d 339, a similar case involving a Case Western Reserve University employee injured in a parking lot also owned and operated by University Circle, Inc., of which Case Western Reserve University is a member, our court held that the injuries in that case occurred within the zone of employment.

Similarly, in this case, where University Hospitals also participates as a member of this same organization to provide parking facilities, provides a choice of adjacent parking facilities for its employees, and arranges for payroll deductions for its employees, we conclude that application of the control/ownership requirement is both illogical and impractical. Accordingly, we have determined that the injuries Fogaras sustained occurred within the zone of her employment as a matter of law. Thus the trial court did not err in granting summary judgment in these cases.

*Judgment affirmed.*

Rocco, J., concurs.

Nahra, P.J., dissents.

Nahra, Presiding Judge, dissenting.

I respectfully dissent from the majority opinion because the facts of this case do not support a finding that appellee was within the "zone of employment" and, even if she was, she is not automatically entitled to participate in the workers' compensation system.

The majority finds that appellee, who was off her employer's premises when injured, is entitled to participate in the workers' compensation system merely because she was within the zone of employment. This assertion is unsupported by law. In *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 360, 401 N.E.2d 448, 450, the Ohio Supreme Court stated:

"As a general rule, where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not rise out of and in the course of his employment and is not compensable."

Because of this general rule, an employee injured while commuting to work must demonstrate a connection between the specific injury and the employment to be entitled to participate in the workers' compensation system. Being within

the zone of employment does not necessitate a finding that the employee is automatically entitled to compensation. In *Bralley*, the court stated:

"An employee is no longer subject to strict application of this general rule once he reaches the premises of his employer. Injuries sustained while the employee is within this 'zone of employment' *may be compensable* under the Act." (Emphasis added.) 61 Ohio St.2d at 304, 15 O.O.3d at 360, 401 N.E.2d at 450.

In this case, appellee was not within the zone of employment because she was neither on appellant's premises at the time of the injury nor was she required to park in the garage in which she sustained injuries. In *Brown v. Univ. Hospitals of Cleveland* (Mar. 20, 1997), Cuyahoga App. No. 71087, unreported, 1997 WL 127192, this court determined that a University Hospitals' employee was not within the zone of employment while injured in a University Circle, Inc. parking lot while on her way to work. The majority rejects this recent determination without explanation, relying instead upon a thirteen-year-old case, *Sloss v. Case W. Res. Univ.* (1985), 23 Ohio App.3d 46, 23 OBR 90, 491 N.E.2d 339, to state that appellee was within the zone of employment while injured in the parking lot. Moreover, the majority neglects to note that after determining that the employee was within the zone of employment, this court remanded the case for a determination of "[w]hether the risk encountered by appellant was distinctive in nature or quantitatively greater than the risk common to the public." *Sloss*, 23 Ohio App.3d at 51, 23 OBR at 95, 491 N.E.2d at 345.

Even if the majority opinion is correct in its determination that appellee was within the zone of employment, it is wrong to automatically allow appellee to participate in the workers' compensation system for injuries sustained off her employer's premises. In *Brown v. B.P. Am., Inc.* (1993), 85 Ohio App.3d 194, 196, 619 N.E.2d 479, 480–481, this court stated:

"Case law prior to *MTD Products, supra,* allowed claims when an employee was not on the employer's premises but was within the so-called 'zone of employment.' See, *e.g., Frishkorn v. Flowers* (1971), 26 Ohio App.2d 165, 55 O.O.2d 310, 270 N.E.2d 366 (claim allowed for employee injured in communal parking lot on his way back to work at a store in the mall); *Indus. Comm. v. Henry* (1932), 124 Ohio St. 616, 180 N.E. 194 (claim allowed for employee killed on railroad tracks adjacent to employer's premises while returning to work after meal). However, *MTD Products* indicates that injuries occurring off the employer's premises but within the 'zone of employment' will be compensable henceforth only when the employment itself created a special hazard. The court stated the requirements for a special hazard as follows, quoting from the syllabus of *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570:

" '(1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public.' "

Since our opinion in *Brown*, this court has consistently followed the rule that an employee injured off the employer's premises will be compensated for injuries within the zone of employment only where the employee is subject to a special hazard. See *Brown v. Univ. Hospitals of Cleveland* (Mar. 20, 1997), Cuyahoga App. No. 71087, unreported; *Beharry v. Cleveland Clinic Found.* (Nov. 22, 1995), Cuyahoga App. No. 68050, unreported, 1995 WL 693103; *Zelenak v. May Co.* (Apr. 7, 1994), Cuyahoga App. No. 64940, unreported, 1994 WL 118368.

For these reasons, I would reverse the trial court's grant of summary judgment in favor of appellee because appellee was not in the zone of employment. If appellee was within the zone of employment, she has made no showing that she was subject to a risk distinctive in nature or quantitatively greater than that of the public and is therefore not entitled to participate in the workers' compensation system.