MEMORANDUM DECISION AND JUDGMENT ENTRY.
Plaintiff-appellant, Charles Bea, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, the city of Cincinnati ("City"), on an intentional-tort claim.[1] For the following reasons, we affirm the trial court's judgment.
The record indicates that Bea was employed by the City's water-works department. In September 1995, he was assigned the task of discontinuing service to certain water-works customers. This required digging into the ground to turn off valves leading to the homes of affected customers.
Upon arriving at the work site, Bea and his supervisor saw that the underground electrical lines had been marked. The area that Bea was to excavate was a considerable distance from the ostensible location of the electrical lines. However, when Bea began digging, his shovel struck an electrical line.
Bea's application for workers' compensation benefits was denied. Then, in January 1997, Bea filed an intentional-tort claim against the City. The uncontroverted evidence adduced during discovery indicated that the electrical lines in question had been marked by the Ohio Utility Protection Service ("OUPS") two days before Bea struck the line. OUPS had mismarked the lines by approximately fifteen feet.
In November 1997, the City filed a motion for summary judgment. The trial court granted that motion on the basis that there existed no genuine issue of material fact as to the City's knowledge of the danger presented by the improperly marked electrical lines. The instant appeal followed.
In the sole assignment of error, Bea contends that the trial court erred in granting the City's motion for summary judgment. We find this argument to be without merit.
Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2] To prove an intentional tort committed by an employer against an employee, the employee must demonstrate the following: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation, (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous procedure or condition, then harm to the employee will be a substantial certainty, and (3) the employer, under these circumstances, required the employee to continue to perform the dangerous task.[3]
In the case at bar, we agree with the trial court that there was no genuine issue of material fact as to the City's lack of knowledge that harm was substantially certain to result from the asserted danger. The uncontroverted evidence presented to the trial court was that the work site appeared properly marked by OUPS and that there was nothing in the appearance of the site to suggest that the lines were not in the place indicated by those markings. The evidence further indicated that there was no policy or practice of having power lines re-marked or re-inspected once OUPS had performed its duties. Finally, there was no evidence to suggest that OUPS had improperly marked power lines in the past, thereby putting the City on notice that the markings could not be safely relied upon.
We are not persuaded by Bea's argument that a risk of danger is inherent in digging near power lines and that, therefore, the element of knowledge was demonstrated. The fact that a task involves some possibility of danger does not give rise to knowledge on the part of the employer that injury will be a substantial certainty. Here, Bea has failed to demonstrate that the City had any knowledge of the specific danger — namely, the improperly marked power lines — that allegedly caused him injury. Thus, he has failed to demonstrate a genuine issue of fact as to the intentional-tort claim.
Next, Bea argues that a genuine issue of material fact existed as to whether the City committed an intentional tort in requiring him to return to work when he was not medically ready to resume his duties. Once again, we are unpersuaded. Bea does not cite any competent evidence in the record as to the presence of the first two prongs of the Fyffe test in contending that the City committed an intentional tort. The mere fact that an employee is required to return to work — even when he demonstrates that he is not physically ready to return — does not imply that there is a dangerous condition or instrumentality within the employer's operation or that there is knowledge of a substantial likelihood of harm to the employee.[4] As no genuine issue of material fact existed as to those prongs of the Fyffe test, the granting of summary judgment was proper.
Bea's final argument is that the trial court erred in granting the city's motion for summary judgment as to his cause of action for intentional tort in the processing of his workers' compensation claim. We find no error in the trial court's decision. To prevail on a claim for an intentional tort in denying workers' compensation benefits or in processing a claim, the plaintiff must demonstrate that the employer intentionally failed to follow the law or violated a legal duty imposed upon it in the handling of the employee's claim.[5]
In the case at bar, the sole basis upon which Bea claims that the City committed an intentional tort in the processing of the claim is that the report documenting his accident was rewritten at the request of a water-works supervisor. Bea claims that the report was rewritten to imply that he was at fault for causing the accident.
We hold that the trial court properly granted summary judgment on this claim. First, Bea does not specify in what manner the City intentionally violated the law or a legal duty imposed upon it by rewriting the report. While Bea suggests that the revision of the report constituted fraud, we find no evidence in the record to support that claim.
Further, even were we to conclude that the City had acted fraudulently, we would nonetheless be constrained to affirm the grant of summary judgment. The uncontested evidence in the record indicates that the denial of benefits was based upon Bea's failure to prove that he was injured, and not on any assessment of fault on the part of Bea.[6] In fact, there is nothing in the record to indicate that the report was even considered in conjunction with the workers' compensation claim. Thus, Bea failed to produce any evidence of damages with respect to the revised report, and summary judgment was properly granted. The sole assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 26, 1999 per order of the Court _______________________________.
Presiding Judge
[1] The claims against The Cincinnati Gas Electric Co. are still pending and are not before this court on appeal. The trial court did certify, pursuant to Civ.R. 54, that there was no just cause for delaying appeal as to the claim against the City.
[2] State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[3] Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,570 N.E.2d 1108, paragraph one of the syllabus.
[4] Bea states that the same dangers that allegedly caused the September 1995 injuries were present when he returned to work approximately five months later. However, he does not cite any evidence that the specific danger — improperly marked power lines — persisted at the time of his return.
[5] Kokitka v. Ford Motor Co. (1995), 73 Ohio St.3d 89, 94,652 N.E.2d 671, 676.
[6] As the City aptly notes, the issue of the employee's alleged fault is generally immaterial to a workers' compensation claim. See Bralley v. Daugherty (1980), 61 Ohio St.2d 302, 303,401 N.E.2d 448, 449.