**MESZAROS, Appellee,**

v.

**LEGAL NEWS PUBLISHING COMPANY et al., Appellants.**

[Cite as *Meszaros v. Legal News Publishing Co.* (2000), 138 Ohio App.3d 645.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76368.

Decided July 10, 2000.

*Chattman, Gaines & Stern, Lawrence Friedlander* and *Sarah J. Moore,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Jeffrey B. Duber,* Assistant Attorney General, for appellees Bureau of Workers' Compensation and Industrial Commission.

*Mondello & Levey, Frank P. Giaimo, Ron Glassman* and *Scott·I. Levey,* for appellants.

———

ANN DYKE, Administrative Judge.

Appellant, Legal News Publishing Company, is appealing the trial court's grant of summary judgment in favor of appellee, Robert J. Meszaros. For the following reasons, we affirm.

Meszaros was employed by Legal News Publishing Co. Legal News *assigned* Meszaros to park in a lot owned by the Zion Church. Meszaros *received the parking space free as a benefit of his employment.* Legal News leased the parking spaces from the church. The lot was located across the street from Legal News, behind the church.

Meszaros deposed that on the date of the injury, he parked in his assigned space. He left the parking lot, walked through an adjacent parking lot owned by Digital Magic, and then walked down the driveway, also owned by Digital Magic. This driveway was used by cars to gain access to the Digital Magic and Zion Church lots. The Legal News employees typically walked down the driveway. Meszaros fell on ice in the driveway. He sustained a right humeral fracture and right pelvic fracture.

Meszaros stated that the employees were provided keys to unlock the gate in the church lot and walk down East 30th. He typically did not use the church gate. When Bill Russ *assigned Meszaros to Lot B, he told Meszaros he could enter and leave through Digital Magic's driveway.* Sometimes the Digital Magic lot was closed with a security gate, so the key to the church gate was provided. Meszaros went through the Digital Magic parking lot because it was easier than unlocking the gate. The sidewalk on East 30th was usually not shoveled.

The district hearing officer allowed Meszaros's workers' compensation claim. The trial court granted summary judgment in favor of Meszaros.

Appellant's sole assignment of error states:

"The trial court erred in extending Meszaros' 'zone of employment' to an area outside of LNP's control and to which he was not required to cross out of necessity or as a condition of employment."

"As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist. The general rule, however, does not operate as a complete bar to an employee who is injured commuting to and from work if the injury occurs within the 'zone of employment.'" *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663.

█ If the area is under the employer's control and the street is the sole access route to the place of employment, the employee is within this "zone of employment." *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. Even if the street is not under the control of the employer, the employee is within the "zone of employment" if the employee could not reach the plant entrance from the employee parking lot without crossing the public street. *Baughman v. Eaton Corp.* (1980), 62 Ohio St.2d 62, 16 O.O.3d 45, 402 N.E.2d 1201. If the employee is injured on the public street while traveling from a lot not owned or operated by the employer, which the employees were not required to park in, the employee was not injured in the zone of employment. *Weiss v. Univ. Hosp. of Cleveland* (2000), 137 Ohio App.3d 425, 738 N.E.2d 884.) Based on this case law, appellant argues that the Digital Magic driveway was not controlled by appellant and was not the sole means of access to Daily Legal News, so Meszaros was not in the zone of employment.

*Weiss* noted at 431, 738 N.E.2d at 888, that "the control element can be satisfied because of the conditions created by the employer in the zone of employment, the employee has no choice as to how to travel to his or her employment."

When the employee has no option but to pursue a given course, the pursuance of such course is an implied obligation of the employee in his contract with the employer. *Id.;* see, also, *Baughman, supra.* Weiss had a choice of how she traveled to and from her job. Her employer did not require her to park in the assigned lot. Furthermore, the lot was assigned by University Circle, Inc., not the employer.

In this case, appellant assigned appellee to the lot and paid for appellee to park there. Appellant induced appellee to park in this lot. Appellant provided two access routes to appellant's building. Appellant told appellee he could walk down the Digital Magic driveway or unlock the church gate and walk down East 30th Street. The key to the church gate was provided to use only when the Digital Magic parking lot was locked. Using the Digital Magic driveway was the more convenient route. The employer *intended* the employees to use the Digital Magic driveway to get from the parking lot to work.

Under the circumstances, appellee had no choice but to park in the lot that was paid for and provided by his employer. While appellee could either walk down the driveway or open the gate and walk down East 30th, the driveway was the most convenient route and a route sanctioned by appellant.

The fact that appellee had two ways of getting to work from the parking lot was not relevant in this case in determining whether employer's parking lot was within worker's "zone of employment." See *Sloss v. Case W. Res. Univ.* (1985), 23 Ohio App.3d 46, 23 OBR 90, 491 N.E.2d 339, citing *Marlow v. Goodyear Tire & Rubber Co.* (1967), 10 Ohio St.2d 18, 21, 39 O.O.2d 11, 13, 225 N.E.2d 241:

" * * * The point appears to be illogical. If an *employer provides* two accesses and the employee has his choice, an injury on either may not be compensable because the other was available for use."

In this case, the employer provided two means of access, so eligibility should not be based on the fact that Meszaros picked one route over the other, because Meszaros had to choose one of the routes to get from the employer's lot to his job.

■ It is not required that the employer actually have control over the area that the injury occurred, if there was limited access to the plant. *Baughman, supra.* It has been held that control over the area in which the injury occurred is not required in some circumstances. See *Sloss v. Case W. Res. Univ.* (1985), 23 Ohio App.3d 46, 23 OBR 90, 491 N.E.2d 339; *Fogaras v. Univ. Hosp. of Cleveland* (1998), 129 Ohio App.3d 653, 718 N.E.2d 974. Lack of due care has no relation whatever to the recovery of ordinary compensation for accidents in industry. *Kasari v. Indus. Comm.* (1932), 125 Ohio St. 410, 181 N.E. 809; R.C. 4123.01(C).

This case is also distinguishable from *Weiss, supra,* because in that case, the employee had not yet arrived on the employer's premises prior to the injury. See *Bauder v. Mayfield* (1988), 44 Ohio App.3d 91, 93, 541 N.E.2d 98, 99–100. In this case, when appellee arrived in the parking lot, he arrived on premises leased by the company. This case is similar to *Baughman,* where the employee had parked his car on his employer's property before he was injured in a public street between the parking lot and the employer's plant.

The present case is also distinguishable from *Coleman v. Univ. Hosp. of Cleveland* (Dec. 16, 1999), Cuyahoga App. No. 75383, unreported, 1999 WL 1206600. This case relies upon *Brown v. B.P. Am. Inc.* (1993), 85 Ohio App.3d 194, 619 N.E.2d 479, which held that injuries that occur within the zone of employment are compensable only if a special hazard exists. *Brown* incorrectly interpreted *MTD Products, supra,* which offered the zone of employment and special hazard exception as two separate exceptions. See *Weiss, supra* at 430, 738 N.E.2d at 887–888.

The trial court did not err in finding that the accident occurred in the zone of employment.

■■■■ Additionally, there is a causal connection between appellee's injury and employment under the "totality of the circumstances" test. See *MTD, supra,* 61 Ohio St.3d at 70, 572 N.E.2d at 664–665; *Powers v. Frank Z Chevrolet* (1995), 100 Ohio App.3d 718, 654 N.E.2d 1053; *Moffitt v. Ohio Bur. of Workers' Comp.* (1991), 78 Ohio App.3d 48, 603 N.E.2d 1110. Factors relevant under the totality of circumstances test for compensability of injury under workers' compensation scheme include proximity of scene of accident to place of employment, degree of control employer had over scene of accident, and benefit employer received from injured employee's presence at scene of accident. *MTD, supra.*

The accident here occurred between the appellant's parking lot and the plant located across the street. While there was no evidence that appellant had any control over the driveway, control is only one factor to consider. See *Powers v. Frank Z Chevrolet* (1995), 100 Ohio App.3d 718, 654 N.E.2d 1053. Appellant benefitted from Meszaros's being in the driveway after he left his assigned parking lot, because the parking lot was provided as a benefit of employment. Benefits of employment, such as free parking, are used by employers to attract and retain a qualified workforce. Appellant told Meszaros that he could use the Digital Magic driveway. There was a casual connection in the totality of the circumstances between the injury and appellee's employment.

This case is distinguishable from *Coleman, supra,* because the injury in *Coleman* did not occur within a close proximity to the place of employment. There was no evidence as to whether Coleman had any alternatives to taking the

shuttle bus which she was injured on, or that her employer told her to take the bus. There was no evidence that parking privileges were a benefit of employment.

The trial court did not err in granting summary judgment in favor of appellee.

Appellant's assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

KILBANE, J., concurs.

MICHAEL J. CORRIGAN, J., dissents.

MICHAEL J. CORRIGAN, Judge, dissenting.

I respectfully dissent from the decision reached by the majority. The undisputed facts of this case do not give rise to any of the exceptions allowing participation in the Workers' Compensation Fund for injuries incurred while traveling to or from work.

Ohio's workers' compensation statute covers "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether there is a "causal connection" between an employee's injury and his or her employment, either through the activities, the conditions or the environment of the employment. *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448.

For an injury to be compensable under the Workers' Compensation Act, the claimant must meet both prongs of the test established in R.C. 4123.01(C). The injury must be received "in the course of" as well as "arise out of" the employment. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1273–1274.

"As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *Id.* at 68, 572 N.E.2d at 663. To grant compensation in light of the "coming-and-going rule," as it has come to be known, is only allowed under certain well-defined exceptions.

The Ohio Supreme Court spells out the exceptions to this general rule quite clearly in *MTD Products, supra.* The "coming-and-going rule" does not operate as a complete bar to an employee who is injured commuting to and from work where (1) the injury occurs within the "zone of employment," (2) the employment creates a "special hazard," or (3) there is a causal connection between the employee's injury and employment based on the "totality of circumstances" surrounding the accident. *Id.* at 68–70, 572 N.E.2d at 663–665.

The "zone of employment" has been extended to include areas off the employer's premises if the worker has been injured in a place where the employer has control of the conditions and the employee has no option but to pursue a given course. *Morris v. Cleveland* (App.1945), 44 Ohio Law Abs. 215, 64 N.E.2d 134. In the case at bar, plaintiff-appellee, Robert Meszaros, admits that he could have taken an alternate route from his parking space to his place of employment. More importantly, there is no contention as to who had ownership and/or control of the property where appellee was injured. Defendant-appellant, Legal News Publishing, did not own or control the property at issue. In fact, appellee was given a key by his employer to unlock a gate that led to a public sidewalk that led to Legal News Publishing. Appellee chose to walk through the Digital Magic driveway to avoid the locked gate. Appellee had no reason to be on the Digital Magic driveway other than mere convenience. Accordingly, the "zone of employment" exception is not applicable in this case.

The "special hazard" exception applies where (1) "but for" the employment, the employee would not have been at the location where the injury occurred and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. *MTD Products, supra*, at 68, 572 N.E.2d at 663–664. In any case not involving a frolic or detour in the course of one's employment, the "but for" test will be met. Appellee would not have been injured in Digital Magic's lot but for going to work. The second prong of the test, however, is not met in this case. The risk appellee faced in walking across a parking lot and driveway was not "distinctive in nature" or "quantitatively greater" than the risk common to the public. Every person choosing to cross that lot faced the same risk of slipping and falling on the ice as appellee did.

The final exception allows coverage where there is a causal connection between the employee's injury and employment based on the "totality of circumstances" surrounding the accident. Three factors are relevant under this test: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. *Id.* at 70, 572 N.E.2d at 664–665, citing *Fisher v. Mayfield, supra,* at

277, 551 N.E.2d at 1273–1274; *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, at syllabus.

While it is undisputable that the accident occurred proximate to appellee's place of employment, I cannot find that the second and third prongs of the "totality of circumstances" exception have been met. As discussed above, appellant did not have control over the scene of the accident. The property where appellee fell was owned and controlled by a third party. Further, "an employee arriving to begin his day's work is not yet performing any service for the benefit of his employer." *MTD Products, supra,* at 70, 572 N.E.2d at 665. Under the facts of this case, the appellee cannot meet the criteria established for this exception to apply.

The majority also makes reference to a recent decision from this court in *Fogaras v. Univ. Hosp. of Cleveland* (1998), 129 Ohio App.3d 653, 718 N.E.2d 974. The majority interprets *Fogaras* to stand for the proposition that employer control over the area in which the injury occurred is not required to extend the "zone of employment." To the contrary, Judge O'Donnell, writing the majority opinion, determined that a similar injury (employee injured while walking from parking lot to place of employment) had occurred within the "zone of employment" because there was a degree of control. *Id.* at 656, 718 N.E.2d at 976–977. *Fogaras* is clearly distinguishable from the instant case in that Fogaras's injuries occurred when she tripped and fell in a pedestrian walkway adjacent to the parking garage owned and operated by University Circle, Inc., a nonprofit corporation which University Hospitals is a member. The hospital exercised a degree of ownership and control of the area in question by participating as a member of the same organization that provides adjacent parking facilities for its employees and allows for payroll deductions to pay for the parking. *Id.*

In addition, *Fogaras* seems to stand alone in that the vast majority of similar cases denying participation in the fund under the "coming-and-going" rule decided by this court are in concert with Judge Nahra's dissent in *Fogaras.* The following decisions most recently decided by this court are indistinguishable to the case *sub judice.* See *Vincent v. Ohio Bur. of Workers' Comp.* (May 27, 1999), Cuyahoga App. No. 75414, unreported, 1999 WL 342219; *Coleman v. Univ. Hosp. of Cleveland* (Dec. 16, 1999), Cuyahoga App. No. 75383, unreported, 1999 WL 1206600; and *Weiss v. Univ. Hosp. of Cleveland* (2000), 137 Ohio App.3d 425, 738 N.E.2d 884.

The majority goes to great lengths to distinguish the facts of the present case from the controlling cases just recently decided by this court. See *Vincent, Coleman,* and *Weiss, supra.* The crux of the majority's reasoning to extend the "zone of employment" is based on the ill-conceived notion that appellee had limited options to pursue in his course of travel to and from work. The majority

then bases its holding on a case *not* extending the "zone of employment" where this court made reference to narrowly construed exceptions involving specific situations where the employer created conditions that gave the employee *no choice* as to how to travel to one's place of employment. *Weiss, supra,* at 431, 738 N.E.2d at 888–889. The *Weiss* court was more focused on the fact that the employer did not have control over the area where the injury occurred. *Id.* at 432, 738 N.E.2d at 889.

As stated earlier, appellee voluntarily chose his course of travel to work out of convenience. He had other courses he could have taken. More important, appellant had no control over the area where appellee was injured. Appellant had no rights to enter the lot of a third party and remove snow and ice or make any types of repairs for that matter. This court should not extend, or add additional exceptions to the "zone of employment" rule where the area being traveled belongs to a third party and the employee has other options.

For these reasons, I would reverse the trial court's grant of summary judgment.