SMITH

v.

OHIO BUREAU OF WORKERS' COMPENSATION et al.

Court of Common Pleas of Ohio,
Medina County.

No. 97 CIV. 0996.

Decided Oct. 27, 1997.

18

*Joseph A. Kochis,* for plaintiff Lois A. Smith.

*Betty D. Montgomery,* Attorney General, and *Cecille Caluya Harris,* Assistant Attorney General, for defendant Bureau of Workers' Compensation.

*Robert C. Meyer,* for defendant SST Express, Inc.

JAMES L. KIMBLER, Judge.

## INTRODUCTION

This matter came to be heard on the motion of the defendant SST Express, Inc. for summary judgment. Under Civ.R. 56(C), summary judgment is proper if

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to a judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

 The moving party need not tender materials negating the opponent's cause of action. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274, In contrast, the nonmoving party must produce evidence on any issue for which that party bears the burden of proof at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

## FACTS

In this case, plaintiff Lois A. Smith was employed as a truck driver by defendant SST Express, Inc. SST Express is headquartered in Columbus, Ohio. The plaintiff, a resident of Creston, Ohio, parked her truck every night at the TA Truckstop in Westfield Township, Medina County, Ohio. This was done with the knowledge of SST Express but was not required by SST Express. Parking her truck at the truckstop was more convenient for the plaintiff. The alternative would have been for her to have driven her personal vehicle to Columbus and then to have driven the tractor trailer rig from there. SST Express has no financial relationship with TA Truckstop, does not have any ownership interest in TA Truckstop, and does not control in any way the TA Truckstop premises.

On August 17, 1995, the plaintiff parked her truck at approximately 5:00 to 5:30 p.m. She got into her private vehicle to go home. She had moved just a few hundred feet when she heard a motor "gun" and was struck moments later by a another vehicle. She sustained injuries as a result of the collision. The collision took place on the premises of TA Truckstop.

Her claim for workers' compensation benefits was denied by defendant Industrial Commission. The plaintiff then filed an appeal to the Stark County Common Pleas Court. The case was transferred to this court on a motion to change venue.

Prior to the change of venue, the court had set the matter down for a hearing on defendant SST Express's motion for summary judgment. Both sides have submitted evidentiary material and memorandums on the motion.

## DISCUSSION OF LAW

Course and scope of employment is the standard to be used when a claimant wishes to participate in the Workers' Compensation Fund under R.C. 4123.01(C). *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448, The issue in this case is whether the plaintiff was acting in the course and scope of her employment with SST Express when she was driving her car.

■ Cases involving employees going to and from work places pose special problems regarding the scope and course of employment. Generally, an employee with a *fixed* place of employment who is injured while traveling to and from his/her place of employment may not participate in the fund. *Bralley, supra.* This is because the requisite casual connection between the injury and the employment does not exist.

■ There are exceptions to this general rule. One is if the injury occurs within the "zone of employment." *Id.* In determining whether an injury occurs in the "zone of employment," *Bralley* looks to the control the employer had over the area where the injury occurred and whether the employee could have used alternate routes to get to that area.

■ In this case, it is undisputed that SST Express did not have any control over the premises where the collision occurred. It is true that SST Express knew that the plaintiff was parking her tractor-trailer rig at the TA Truckstop. Knowledge, however, does not constitute control. Further, the plaintiff did not have to keep her rig at that particular location. That location was used solely because it was convenient for the plaintiff. Therefore, this court finds that the collision did not occur within the plaintiff's zone of employment with SST Express.

■ The second exception is that when the employment relationship creates a "special hazard" not shared by the general public, the employee can participate even though the injury did not occur within the zone of employment.

This exception was first promulgated in *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570. In that decision, a two-prong test was established: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is so distinctive in nature or quantitatively greater than the risk common to the public. *Id.* at syllabus.

■ In *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661, the court described *Littlefield* as being overruled. *Id.* at 67–68, 572 N.E.2d at 662–664. As noted by Justice Resnick in her dissenting opinion, however, the syllabus of *MTD Products* does not overrule the syllabus in *Littlefield*. *MTD* at 70, 572 N.E.2d at 664–665. Consequently, the syllabus of *Littlefield* is still good

law. What MTD does do, however, is to make clear that an injury to an employee that happens on a roadway is not the result of a "special hazard" because the hazard is no different from those faced by the general public. *MTD* at 69, 572 N.E.2d at 664,

In this case, the same rationale applies. The collision did not come about as the result of the plaintiff's exposure to a "special hazard" and, therefore, the injury did not arise out of the scope and course of the plaintiff's employment.

## CONCLUSION

For the reasons set forth above, the court finds that defendant SST Express's motion for summary judgment is well taken and hereby grants judgment to the defendants as against the plaintiff. Costs are taxed to the plaintiff.

*Judgment accordingly.*