OPINION
Appellant Rodney Fleming was employed as an automobile mechanics shop teacher by appellee Morgan Local School District. Junior Strode was also employed as an auto mechanics teacher. Appellant and Junior were the only two auto mechanics teachers employed by the Morgan Local High School.
In August of 1993, Junior was reviewing the shop supplies received by the school for the upcoming school year. He noticed that hand cleaner for the auto shop had not been delivered with the other supplies. Junior called his immediate supervisor, Homer Weekley, concerning the hand cleaner. Mr. Weekly referred Junior to the school's administrative assistant, Dean Wright. Dean Wright told Junior there was an open purchase order at the Muskingum Valley Grocery Store, and teachers should pick up the hand cleaner themselves. He did not tell Junior when the hand cleaner should be picked up, how it should be picked up, or whether he should pick it up during working hours or after work. Junior's understanding was that the hand cleaner was to be picked up by the shop teachers on an as-needed basis from that point forward. Junior understood that the school did not order the hand cleaner because the school believed the shop teachers were wasting too much cleaner. Because he did not have time to pick it up during the school day, Junior believed he should pick up the hand cleaner after class.
On several occasions during the course of the school year, Junior picked up hand cleaner on his way home from school. On April 13, 1994, the shop class was completely out of hand cleaner. Junior had strep throat, and had a doctor's appointment immediately after school left out that afternoon. Junior instructed appellant to stop and pick up the hand cleaner before going home from school.
Appellant arrived at the Muskingum Valley Grocery Store shortly before 3:00 P.M. on April 13, 1994. Because the warehouse workers had gone on their break when appellant came into the grocery store, he had to wait approximately eighteen minutes before he received the hand cleaner. During this entire time, he stayed in the store, talking to the sales clerk. Appellant signed the ticket for the open account the school district had with the grocery store.
Appellant's wife was employed by Head Start as a home base teacher. Her office was approximately two to three blocks from the grocery store. Appellant and Mrs. Fleming had been arguing for a period of time prior to April 13. Either immediately before or immediately after picking up the hand cleaner, appellant stopped at the Head Start office to see his wife. Appellant's wife asked him to get a frozen dinner out of her car, which she had purchased earlier in the day, and take it home for supper.
At approximately 3:30 P.M., appellant was traveling in his vehicle on State Route 37. At this point, he was traveling over the same road he travels every day on his way to and from work, and was only several miles from his home. Appellant was struck head on by another vehicle. Appellant sustained severe cerebral injuries, which have left him in chronic vegetative state.
On December 6, 1994, appellant filed a claim for Workers' Compensation benefits. Initially, the Bureau accepted the claim, and awarded appellant compensation for 850 weeks. The Bureau initially found that he was on a special mission required by his employment and, therefore, was exempted from the general rule that injuries sustained while coming and going from work are not compensable.
The School District appealed the Bureau's order. A hearing was held before a district hearing officer. The district hearing officer affirmed the Bureau's finding. The School District appealed again, and a hearing was held before a staff hearing officer. The staff hearing officer reversed the previous orders and disallowed the claim in its entirety. Appellant filed an appeal, and a hearing was held before the Industrial Commission. The Industrial Commission affirmed the staff hearing officer's decision. Appellant then filed an appeal to the Morgan County Common Pleas Court. The court dismissed the appeal on summary judgment, finding that reasonable minds could only conclude that appellant had completed his special mission, and returned to coming and going from employment when he was injured in the automobile accident.
Appellant assigns a single error on appeal to this court:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY DENYING THE MOTION FOR SUMMARY JUDGMENT OF APPELLANT RODNEY L. FLEMING AND GRANTING THE MOTIONS FOR SUMMARY JUDGMENT OF APPELLEES.
In order to be entitled to participate in the Workers' Compensation Fund, appellant must demonstrate that his accident arose out of and in the course of his employment, pursuant to R.C.4123.01(C). As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from that place of employment, is not entitled to participate in the Workers' Compensation Fund, because the requisite causal connection between the injury and the employment does not exist. MTD Products, Inc.v. Robatin (1991), 61 Ohio St.3d 66, syllabus. This exclusion is commonly referred to as the "coming and going" rule. Bradley v.Daugherty (1980), 61 Ohio St.2d 302. However, pursuant to the so-called "special mission" or "special errand" exception to the coming and going rule, where an employee is charged while on his way to or from his place of employment with some duty in connection with his employment, the coming and going rule does not apply, and the employee is in the course and scope of his employment. Stevens v. Industrial Commission of Ohio (1945),145 Ohio St. 198, 200-01.
Summary judgment is appropriate where there are no disputed material facts, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). We review summary judgment on the same standard and evidence as the trial court. Smiddy v. TheWedding Party (1987), 30 Ohio St.3d 35.
For purposes of summary judgment only, the Bureau of Workers' Compensation did not dispute that appellant was on a special mission of his employer when he went to pick up the hand cleaner. However, appellee Morgan Local Schools argues that reasonable minds could only conclude that appellant was not on a special mission when he went to pick up the hand cleaner. The school district argues that he volunteered for convenience purposes to pick up the hand cleaner, and was not instructed by a supervisor to pick up the hand cleaner. The school district also argues that appellant was not authorized to pick up the hand cleaner.
Reasonable minds could conclude that appellant was on a special mission when he stopped to get the hand cleaner. The deposition testimony of Junior Strode reflects that the arrangement concerning picking up the cleaner at the grocery store was an informal arrangment of a small school district. The school district did not offer use of a school car or specifically instruct Junior as to how the hand cleaner was to be picked up. However, Junior was told that teachers were to pick up hand cleaner on an as-needed basis, and there was an account at the grocery store to which he could charge the hand cleaner. The record does not reflect that Dean Wright told Junior that he was the only employee authorized to pick up the hand cleaner. From the evidence in the record, reasonable minds could conclude that the school district instructed the shop teachers to pick up the hand cleaner at the grocery store when they needed it. Reasonable minds could further conclude that no time was made available to the teachers to pick up the hand cleaner up during the day, as they were required to be in the building. Reasonable minds could conclude that as a shop teacher for the district, appellant was authorized to pick up the hand cleaner when needed for shop class. Therefore, reasonable minds could conclude that appellant was on a special mission for his employer when he went to the grocery store to pick up the hand cleaner.
The school district further argues that because appellant deviated from the mission to visit his wife, he was no longer on a special mission of the employer, and is precluded from recovery.
To sever a servant from the scope of his employment, the act complained of must be of such a divergence from his regular duties that its very character severs the relationship of master and servant. Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271. Although the Posin case concerned a master's liability for the acts of an agent, we believe the same principle applies in the instant case. In the instant case, appellant stopped by his wife's office either immediately before or immediately after picking up the hand cleaner. Mrs. Fleming's office was within walking distance of the Muskingum Valley Grocery. When appellant appeared at Mrs. Fleming's office, she was angry with him due to an earlier argument. She instructed him to get a frozen dinner from her car to start for supper, and appellant left. Reasonable minds could conclude that the deviation was not significant enough to sever the special mission of the employer.
The key issue in the instant case is whether appellant's special mission ceased when he placed the hand cleaner in his car, and proceeded toward his home or whether the special mission continued while he was presumably traveling home.
We note at the outset that the record does not affirmatively demonstrate where appellant was traveling to when the accident occurred. Appellant appeared to be traveling in the proper direction and on the proper route to be going home. Appellees make much of the fact that because appellant and his wife had been arguing, he could have been traveling almost anywhere at the time the accident occurred. However, we note that it is also possible that he intended to take the hand cleaner to the high school shop when the accident occurred. Therefore, reasonable minds could conclude that appellant was still on a special mission of the employer when the accident occurred, as there is no evidence to affirmatively demonstrate where he was traveling with the hand cleaner when the accident occurred.
Further, an injury incurring on the way home after completing a work-related errand may still be within the scope of employment. While neither party has cited a case directly on point from the State of Ohio, both parties have cited out-of-state cases as persuasive authority. We find the New York case of Neacosia v.New York Power Authority (1995), 85 N.Y.2d 471, to be almost directly on point to the instant case. In Neacosia, the employee was injured in an automobile accident while driving home along his usual route, after performing a special errand for his employer by delivering his work uniforms to a dry cleaner. The Court of Appeals of New York held that the fact that the employee's injury occurred on the way home after completing the work-related errand does not necessarily mean that his travel was no longer within the scope of employment. Id. at 479. Once an employee engages in the performance of a special errand, he or she is considered to be acting within the scope of employment during travel between the place of employment and home. Id. The premise of the rule is that the errand for the employer has altered the usual geographical or temporal scheme of travel, thereby altering the risk to which the employee is usually exposed during normal travel. Id.
In the instant case, although the evidence suggests that appellant was traveling toward his home after picking up the hand cleaner, the court erred in ruling that as a matter of law, he had resumed his normal work-related travel and, therefore, was barred from recovery pursuant to the coming and going rule. The errand of picking up the hand cleaner altered the usual temporal scheme of appellant's travel, thereby altering the risk to which he normally exposed during his normal travel path.
Appellees argue that based on appellant's argument, he would be entitled to participate in the fund as long as the hand cleaner was in his car, regardless of how far he traveled. We disagree. However, in the instant case, the accident occurred approximately fifteen minutes after he picked up the hand cleaner at the grocery store. Appellant was still close enough in time and space to the original errand to allow reasonable minds to conclude that he was completing his work-related errand and returning home when the accident occurred.
The Assignment of Error is sustained.
The judgment of the Morgan County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law.
By: Reader, J., Farmer, P. J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morgan County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law. Costs to appellees.