[Cite as *Jimmison v. G.C.R.T.A.*, 2013-Ohio-3155.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99429**

# TYRONE M. JIMMISON

PLAINTIFF-APPELLANT

vs.

# G.C.R.T.A., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-783618

**BEFORE:**   Jones, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   July 18, 2013

**ATTORNEY FOR APPELLANT**

David G. Schmidt
614 W. Superior Avenue
Suite 1500
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

**For G.C.R.T.A.**

Dawn M. Tarka
Associate Counsel G.C.R.T.A.
6th Floor, Root-McBride Bldg.
1240 West 6th Street
Cleveland, Ohio 44113


**For Bureau of Worker's Compensation**

Mike DeWine
Ohio Attorney General

BY:   Jeffrey B. Duber
Assistant Attorney General
State Office Bldg., 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

**{¶2}** Plaintiff-appellant, Tyrone Jimmison, appeals from the trial court's decision granting the motion for summary judgment of defendant-appellee, the Greater Cleveland Regional Transit Authority ("RTA"). We affirm.

## I. Procedural History

**{¶3}** Jimmison filed an application for workers' compensation benefits following injuries he alleged he sustained in September 2010 while working as a mechanic for RTA. His alleged injuries were (1) cervical radiculopathy; (2) rotator cuff sprain/strain; (3) inguinal hernia; (4) periumbilical hernia; and (5) muscle strain.

**{¶4}** The matter was heard before a district hearing officer, who denied the claim. Jimmison appealed, and the matter was heard before a staff hearing officer, who affirmed the district hearing officer. Jimmison appealed to the Industrial Commission, but it refused the appeal. Jimmison then appealed to the common pleas court.

**{¶5}** RTA filed a motion for summary judgment. In the motion, RTA contended that Jimmison could not prove that the work incident proximately caused his alleged injuries because he did not have "expert medical testimony to establish the requisite causal relationship." More specifically, RTA contended that Jimmison "failed to produce an expert report by the Court's * * * deadline, and the office records of his three treating

physicians do not suffice as a substitute." Jimmison did not oppose RTA's motion.

{¶6} The trial court granted RTA's motion, stating the following:

[h]aving considered the evidence presented and having construed the evidence most strongly in favor of the non-moving party, [the court] determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that defendant is entitled to judgment as a matter of law.

{¶7} Jimmison's sole assignment of error reads: "The trial court erred in granting summary judgment against appellant-plaintiff."

II. Facts

{¶8} Prior to the incident that gave rise to this case, Jimmison had hernia surgery in 2009, after which he was cleared to return to his normal activities with no restrictions. In April 2010, still prior to the incident here, Jimmison returned to his doctor, James Malgieri, because he had been doing sit-ups and was concerned that he had reinjured his groin. Dr. Malgieri informed Jimmison that there was no recurrence and that he could perform his normal activities.

{¶9} Jimmison testified at deposition that, on September 22, 2010, two motors, which he estimated each weighed between 175 and 200 pounds, nearly fell off of a workbench; he caught them, one after the other, before they fell to the ground. Jimmison testified that when he caught the motors, he "felt something like a strain" in his groin area and felt a "twinge" in his right shoulder. He reported the incident to his supervisor approximately five days later.

{¶10} In late October 2010, Jimmison sought medical treatment from Dr. William

O'Brien. In his notes, Dr. O'Brien stated that he was "unable to feel any evidence of a hernia[.] [H]is exam at this time is normal." Dr. O'Brien referred Jimmison for a CAT scan.

{¶11} In early November 2010, Jimmison went to the emergency room where a CAT scan was performed. The scan showed a "small periumbilical hernia but no abnormalities in the groin."

{¶12} In mid-November 2010, Jimmison went to see Dr. James Hekman. In his notes, Dr. Hekman noted "[p]ainful and reduced [range of motion] of right shoulder"; and "[n]o clear hernia in peri-umbilical regions * * * [n]o hernia on left. Tiny hernia on right, reducible." Dr. Hekman further noted that the CAT scan did "not show inguinal hernia." Dr. Hekman wrote a note stating that Jimmison was unable to work from November 10, 2010 through November 30, 2010.

{¶13} On November 30, 2010, Jimmison was treated by Dr. Malgieri. Upon reviewing Jimmison's prior treatment history with Dr. O'Brien and at the emergency room, along with his own examination of Jimmison, Dr. Malgieri concluded that Jimmison suffered "[p]robable muscle strain," finding there was "no evidence of inguinal or femoral herniation" and recommended anti-inflammatories and heat.

{¶14} Jimmison returned to Dr. Malgieri in January 2011, "for evaluation of possible hernia." Dr. Malgieri noted that Jimmison's pain was "largely testicular" and told him he needed to see an urologist. The doctor further noted that he had Jimmison stand and lie down, "straining significantly," and was "unable to detect any evidence of

inguinal or femoral hernia. His genitalia are normal with slight tenderness on the right side." Dr. Malgieri concluded that Jimmison's injury was "muscular strain."

{¶15} Relative to his right shoulder, Jimmison testified that he has difficulty sleeping on his right side because that causes numbness, but that the shoulder "does not really" interfere with his ability to perform his job.

{¶16} Jimmison also testified that he returned to work at the end of January 2011, had not needed to take off any time since then, and had not been restricted by any doctor. Further, neither surgery nor pain management practices were recommended for Jimmison.

### III. Law and Analysis

{¶17} The issue for our review is whether the trial court properly granted RTA's motion for summary judgment. Appellate review of a summary judgment is de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175, 722 N.E.2d 108 (8th Dist.1999). Summary judgment is proper only when, looking at the evidence as a whole: (1) there is no genuine issue of material fact; (2) reasonable minds can come to only one conclusion that is adverse to the party against whom the motion for summary judgment is made, and; (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988). All issues that are in doubt must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95, 604 N.E.2d 138.

{¶18} When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond

with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

{¶19} In its summary judgment motion, RTA contended that Jimmison could not prove that the work incident "proximately caused his alleged injuries because he [had] no expert medical testimony to establish the requisite causal relationship." According to RTA, the office records of Drs. Malgieri, O'Brien, and Hekman did not "suffice as a substitute" for an expert report.

{¶20} Jimmison contends that the office records were sufficient under Loc.R. 21.1(C) of the Court of Common Pleas of Cuyahoga County, General Division. Loc.R. 21.1, Part I, governs expert witnesses and the exchange of their reports. Subsection C provides in part as follows:

> [a]ll non-party experts must submit reports. * * * In the event the non-party expert witness is a treating physician, the Court shall have the discretion to determine whether the hospital and or office records of that physician's treatment which have been produced satisfy the requirements of a written report.

{¶21} According to Jimmison,

> nothing in the Trial Court's order suggests that the trial court conducted such a discretionary review [to determine whether the office records were sufficient] and, even if such a review was conducted, the Trial Court's order is an abuse of discretion.

{¶22} The office records were attached as exhibits to RTA's motion. In granting RTA's motion, the trial court stated the following: "*having considered the evidence presented* and having construed the evidence most strongly in favor of the non-moving party, [the court] determines that reasonable minds can come to but one conclusion, that

there are no genuine issues of material fact, and that defendant is entitled to judgment as a matter of law." (Emphasis added.) In light of this finding, we disagree with Jimmison's contention that the trial court did not consider the office records.

> **{¶23}** Further, our review on a summary judgment ruling is de novo; we do not review for an abuse of discretion. Upon de novo review, we find that the trial court did not err in finding that no genuine issue remained to be litigated. The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment.

*Bralley v. Daugherty*, 61 Ohio St.2d 302, 303, 401 N.E.2d 448 (1980).

**{¶24}** Arguably, the treating physicians diagnosed Jimmison with minimal injuries ("[p]ainful and reduced [range of motion] of right shoulder"; "[t]iny hernia on right, reducible"; and "[p]robable muscle strain"). But they did not establish that the alleged injuries were the result of the work incident. Moreover, the first physician did not treat Jimmison until over one month after the incident, further supporting the lack of causal connection finding.

**{¶25}** On this record, the trial court properly granted RTA's motion for summary judgment.

**{¶26}** Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____

____

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS
IN JUDGMENT ONLY