OPINION
This cause came to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.App.R. 25, the record of the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Sandra Vincent, plaintiff-appellant appeals from the granting of summary judgment in favor of defendant-appellee, University Hospitals of Cleveland, by the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm the decision of the trial court.
On December 5, 1995, appellant was leaving her place of employment, University Hospitals, at approximately 6:30 p.m. Appellant had been employed as a medical secretary at appellee hospital for approximately eight years on the date of the incident in question. After leaving the building where her job was situated, the appellant cut through another building in order to catch a shuttle bus to take her to the parking garage where she parked her car. Appellant testified at her deposition that she was planning to take the shuttle to the garage that evening because it was cold and rainy outside and she was worried that there might be ice on the sidewalks. Additionally, appellant testified that she was aware that she had a condition called osteomyelitis which caused a weakness in some of her bones. Despite her intention to take the shuttle to the parking garage, appellant decided to walk to the garage after she had waited approximately five minutes for the shuttle. On her way to the parking garage the appellant started walking along Cornell Road. As appellant attempted to cross Cornell Road at a clearly marked crosswalk, she slipped and fell after taking one step into the crosswalk. As a result of this fall, the appellant sustained a fracture of her left ankle.
Appellant filed a claim for workers' compensation benefits with the Industrial Commission of Ohio. On or about August 6, 1997, the Industrial Commission issued a final appealable order denying the appellant's claim for workers' compensation benefits. On September 19, 1997, the appellant appealed the order of the Industrial Commission to the Cuyahoga County Court of Common Pleas. In an order that was journalized on September 23, 1997, the trial court granted appellee's motion for summary judgment, finding that no genuine issues of material fact existed, and that the appellant was not entitled to participate in the workers' compensation fund as a matter of law.
Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56 (C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56 (C). "The reviewing court evaluates the record * * * in light most favorable to the nonmoving party * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46. 50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
Although the appellant has repeatedly maintained that the stretch of Cornell Road where she was walking was either owned or controlled by appellee University Hospitals, there is no evidence in the record to support this assertion. Rather, the evidence before the trial court was that the stretch of Cornell Road where the appellee fell is a dedicated city street maintained by the City of Cleveland. The adjacent sidewalk to Cornell Road is also under the control and supervision of the City of Cleveland, according to all of the evidence in the record. Therefore, the distinction made by the appellant as to the difference between falling in the crosswalk and falling on the sidewalk is meaningless, as neither are owned or controlled by the appellee.
Appellant also argues that the facts of her injury entitle her to participate in the workers' compensation fund under the "coming and going exception" to the general rule that injuries sustained by an employee while traveling to or from work are not compensable.
The Ohio workers' compensation statute generally covers "any injury, whether caused by external accidental means or accidental in character and results, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01 (C). In MTD Products, Inc. v. Robatin (1991). 61 Ohio St.3d 66, the Ohio Supreme Court held in its syllabus:
 As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist.
In Brown v. B.P. Amer. Inc. (1993), 85 Ohio App.3d 194, this court stated:
 MTD Products indicates that injuries occurring off the employer's premises but within the "zone of employment" will be compensable henceforth only when the employment itself created a special hazard.
In the case sub judice, the appellant was not on the appellee's premises when she was injured, but was in the process of crossing a public street. The appellant admitted that she was aware of the risks associated with walking on a sidewalk in freezing rain conditions, but nonetheless she decided not to continue to wait for a shuttle to take her to her parking garage. The risk of the appellant falling in a public crosswalk was not a "special hazard" created by the appellee, but rather was the identical risk as would face any pedestrian choosing to cross Cornell Road at the location where this incident occurred. Accordingly, appellant's claim should not have been allowed.
Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES PORTER, ADMINISTRATIVE JUDGE
LEO M. SPELLACY, JUDGE
MICHAEL J. CORRIGAN, JUDGE