ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
 {¶ 2} Angela Shafer, plaintiff-appellee, was employed at the McDonald's Restaurant located at the intersection of Pearl and Cook Roads in Strongsville, Ohio. The McDonald's is owned and operated by defendant-appellant, Tri-Arch 14 Inc. ("Tri-Arch"). Tri-Arch entered into a rental agreement with Jardine Funeral Home, which is located across the street from the McDonald's, whereby Tri-Arch rented parking spaces at the funeral home for its employees. Shafer was required to park in the funeral home's parking lot and, thus, had to cross Cook Road to and from her way to work. On June 16, 2003, Shafer was struck by a car while crossing Cook Road to get to her car after her shift at the McDonald's had ended.[1]
 {¶ 3} As a result of the above-mentioned, Shafer filed and was allowed a workers' compensation claim for an injury to her upper tibia and right fibula. Tri-Arch appealed and the ruling was vacated by the District Hearing Officer. The Staff Hearing Officer vacated the District Officer's ruling, and Tri-Arch appealed to the Court of Common Pleas pursuant to R.C. 4123.512. Shafer and Tri-Arch both filed motions for summary judgment. The trial court granted Shafer's motion for summary judgment and Tri-Arch now appeals, raising the following two assignments of error for our review: "1. The court overlooked well-settled caselaw regarding fixed situs employees and injuries sustained while traveling to or from the workplace. 2. The court, when granting Summary Judgment, failed to address which of the possible exceptions to the going and coming rule, if any, applied to Plaintiff-Appellee and failed to view the facts in the light most favorable to Defendant-Appellant." (Citation omitted). Because these assignments of error are interrelated, we will consider them together.
 {¶ 4} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153 ("We review the judgment independently and without deference to the trial court's determination.") The appellate court applies the same test as the trial court, which is set forth in Civ.R. 56(C). Stegawshi v. Cleveland Anesthesia Group, Inc.
(1987), 37 Ohio App.3d 78, 523 N.E.2d 902.
 {¶ 5} Civ.R. 56 specifically provides that before summary judgment may be granted, it must be determined that: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 6} Moreover, it is well established that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,91 L.Ed.2d 265, 106 S.Ct. 2548; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798; Dresher v. Burt (1996),75 Ohio St.3d 280. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359,604 N.E.2d 138.
 {¶ 7} In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." Chaney v.Clark Cty. Agriculture Soc. (1993), 90 Ohio App.3d 421, 629 N.E.2d 513. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd.
(1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095; Celotex, supra,477 U.S. at 322-323.
 {¶ 8} Ohio's workers' compensation statute covers "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether there is a "causal connection" between an employee's injury and his or her employment, either through the activities, the conditions, or the environment of the employment. MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 572 N.E.2d 661, citing Bralley v. Daugherty (1980),61 Ohio St.2d 302, 401 N.E.2d 448. For an injury to be compensable under the Workers' Compensation Act, the claimant must meet both prongs of the test established in R.C. 4123.01(C). The injury must be received "in the course of," as well as "arise out of," the employment. Fisher v.Mayfield (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271. "As a general rule, where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable." Bralley, supra, 61 Ohio St.2d at 303. To grant compensation in light of the "coming-and-going rule," as it has come to be known, is allowed only under certain well-defined exceptions. The Supreme Court of Ohio spells out the exceptions to this general rule quite clearly in MTD Products, supra. The "coming-and-going rule" does not operate as a complete bar to an employee who is injured commuting to and from work where: 1) the injury occurs within the "zone of employment;" 2) the employment creates a "special hazard;" or 3) there is a causal connection between the employee's injury and employment based on the "totality of circumstances" surrounding the accident. Id. at 68-70.
 {¶ 9} In this case, the trial court summarily granted Shafer's motion for summary judgment without any reference or discussion as to which exception under the "coming-and-going rule" it believed applied. Appellant obviously maintains that none of the three exceptions applied. Shafer, however, argues that the "zone of employment" exception applied. We agree. The "zone of employment" has been extended to include areas off the employer's premises if the worker has been injured in a place where the employer has control of the conditions and the employee has no option but to pursue a given course. Morris v. Cleveland (1945), 44 Ohio L. Abs. 215, 64 N.E.2d 134. In arguing that Shafer's injuries occurred while she was out of the "zone of employment," Tri-Arch contends that it did not control the scene of the accident and it did not have control over Shafer's choice to park in the funeral home's parking lot. Shafer, on the other hand, argues that her injuries occurred while she was in the zone of her employment with Tri-Arch because Tri-Arch did in fact require her to park in the funeral home's parking lot. In support of her motion for summary judgment filed with the trial court, Shafer testified by way of affidavit that as a condition of her employment with Tri-Arch she was required to park at the funeral home's parking lot, and that she was prohibited from parking in the parking lot adjacent to the restaurant. Tri-Arch did not present any evidence to the contrary, either in its own motion for summary judgment or in response to Shafer's motion for summary judgment.
 {¶ 10} Upon review of the parties' arguments and the case law, we find Shafer's argument that whether an employee is assigned a parking space is relevant. In Meszaros v. Legal News Publishing Co. (2000),138 Ohio App.3d 645, this court held that an employee is within the "zone of employment" if he or she "has no option but to pursue a given course," and "the pursuance of such course is an implied obligation of the employee in his contract with the employer." Id. at 648. (Citations omitted). In Meszaros, the employee fell on a patch of ice between his assigned parking space and the entrance to his employer's facilities. Similar to this case, the employee in Meszaros received the parking space free as a benefit of his employment.
 {¶ 11} The Supreme Court of Ohio also addressed the issue of what constitutes "zone of employment" in Baughman v. Eaton Corp. (1980),62 Ohio St.2d 62, wherein the employee was injured on a public street between the employer's parking lot and the employer's premises. In finding that the employee was entitled to workers' compensation, theBaughman Court noted that: "Appellee parked his automobile in the only employer parking lot then available to him free of charge. His injuries occurred on the public street as he proceeded, without deviation, toward the plant entrance prior to the commencement of his shift. * * * [A]ppellee could not reach the plant entrance without crossing the public street. On these facts, it would be unreasonable to deny appellee compensation." Id. at 63. Likewise, the funeral home's parking lot was the parking lot which Shafer was required to park in, and in order for her to get to and from her vehicle, she necessarily had to cross Cook Road.
 {¶ 12} We find the cases cited by Tri-Arch distinguishable from this case. For example, in Johnston v. Case W. Res. Univ. (2001),145 Ohio App.3d 77, Weiss v. Univ. Hosp. of Cleveland (2000),137 Ohio App.3d 425, and Watkins v. Metrohealth Sys., Cuyahoga App. No. 80567, 2002-Ohio-5961, all cases where it was found that the employees were not in the "zone of employment," the employees chose to park in lots and were not required to do so by their employers. In this case, however, as already mentioned, the record demonstrates that Tri-Arch required Shafer to park in the funeral home's parking lot.
 {¶ 13} Further, in the case of Coleman v. Univ. Hosp. of Cleveland
(Dec. 16, 1999), Cuyahoga App. No. 75383, this court applied its previous holding in Brown v. B.P. Amer. Inc. (1993), 85 Ohio App.3d 194,619 N.E.2d 479, in finding that the employee was not in the "zone of employment." In Brown, this court found that in order for an off-premises injury to be compensable, the employee must demonstrate that he or she was in the zone of their employment and that a "special hazard" existed. However, subsequently in Meszaros, supra, this court held that Brown's holding was incorrect, and that the "zone of employment" exception and "special hazard" exception are two separate exceptions.
 {¶ 14} Moreover, the cases of Beharry v. Cleveland Clinic Found.
(Nov. 22, 1995), Cuyahoga App. No. 68050, and Merz v. Indus. Comm. ofOhio (1938), 134 Ohio St. 36, 15 N.E.2d 632, are distinguishable from this case. In Beharry, the employee was found to not be within the "zone of employment," when she was injured crossing the street from the building where she worked to another building on the Cleveland Clinic's campus for a personal doctor's appointment while on an unpaid lunch break. In Merz, the Supreme Court of Ohio held that the decedent-employee, a coal miner, was not within the "zone of employment" when he was killed by his son-in-law about a mile-and-a-half away from his place of employment after a dispute about the miners' strike.
 {¶ 15} Finally, we find no merit to Tri-Arch's argument that Shafer was not entitled to participate in the Workers' Compensation Fund because of her own negligence in jaywalking across the street. The Workers' Compensation Act abolished employer defenses such as assumption of the risk and contributory negligence. See Marlow v. Goodyear Tire (1967),10 Ohio St.2d 18; Phelps v. Positive Action Tool Co. (1986),26 Ohio St.3d 142.
 {¶ 16} Additionally, Tri-Arch's reliance upon Rates v. Cuyahoga Cty.Commrs. (July 8, 1999), Cuyahoga App. No. 75770, for the proposition that Shafer is barred from participating in the Fund because she jaywalked, is misplaced. In Rates, a corrections officer who worked at the Cuyahoga County Jail located in the Justice Center was struck by an automobile as he jaywalked across West 3rd Street to gain entrance to the Justice Center to pick up his paycheck. At the time of doing so, the employee was on an unpaid suspension from work. In finding that the employee was not entitled to workers' compensation, this court applied its previous holding that in order for an employee injured off the employer's premises to be compensated for injures within the "zone of employment," the employee must also demonstrate that he or she was subject to a "special hazard." This court found that jaywalking across West 3rd Street was not a "special hazard" because it did not pose any greater risk to the employee than it did as to any other member of the general public. However, as already discussed, this court subsequently held in Meszaros,
supra, 138 Ohio App.3d 645, that the "zone of employment" exception and the "special hazard" exception are two separate exceptions. In the within case, Shafer was within the "zone of employment." The fact that Tri-Archrequired her to park in the funeral home's parking lot is significant. Because Tri-Arch mandated that she park in the funeral home's parking lot, she had no option but to cross Cook Road to get to and from her automobile. Thus, Shafer was within the "zone of employment" and entitled to participate in the Workers' Compensation Fund. Because we find that the "zone of employment" exception applied in this case, and each exception is a separate exception upon which participation in the Workers' Compensation Fund can be granted, we decline to consider the other two exceptions.
 {¶ 17} Accordingly, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Rocco, J., concur.
[1] The parties dispute exactly where the accident occurred. Shafer maintains that she was hit when she was on the apron of the parking lot driveway, and Tri-Arch maintains that she was struck within the bounds of Cook Road. We find that the exact location of where Shafer was when she was hit is immaterial to the resolution of this appeal.