JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Lisa Smith, appeals the decision of the Cuyahoga County Court of Common Pleas to grant the motion for summary judgment of defendant-appellee, the Bureau of Workers' Compensation ("BWC"), and to deny Smith's motion for summary judgment. Finding no error in the proceedings below, we affirm.
 {¶ 3} Smith was employed as the office manager at Carnegie Auto Parts. Her duties included, but were not limited to, the following: accounts receivable, accounts payable, recordkeeping, advertising, banking, promotions and fliers, along with general office work. On a weekly basis Smith performed job duties at her home office.
 {¶ 4} On the morning of May 8, 2003, Smith, as a part of her duties, finished labeling and stuffing approximately three hundred promotional fliers at her home office. After dropping off her child at school, Smith mailed the fliers at the Broadview Heights post office on Royalton Road. Thereafter, Smith drove to the office. Smith was driving the company car when she was involved in a motor vehicle accident.
 {¶ 5} After the motor vehicle accident, Smith sought medical treatment and was diagnosed with the following conditions: radiculopathy cervical, disorder bilateral median nerve, lumbosacral spondylosis, herniated disc L5-S1, bulging disc L4-L5, *Page 4 
spinal stenosis-lumbar and sprain of the neck.
 {¶ 6} Smith filed the First Report of Injury with the BWC, which was tentatively denied. She appealed, and a hearing was held in front of the District Hearing Officer ("DHO") of the Industrial Commission, and it was found that Smith sustained injuries in the course and scope of her employment and the DHO allowed a claim for the aforementioned conditions.
 {¶ 7} Smith's employer appealed the DHO order. A hearing was held in front of the Staff Hearing Officer ("SHO"), and the SHO vacated the DHO's order. The SHO concluded that Smith was injured during her normal commute to work and thus not entitled to participate in the workers' compensation fund.
 {¶ 8} Smith filed a notice of appeal and complaint regarding the SHO order of the Industrial Commission. Both Smith and the BWC filed motions for summary judgment on the issue of whether Smith's injuries occurred while in the course and scope of her employment and whether she is entitled to receive workers' compensation benefits. The trial court granted the BWC's motion for summary judgment, finding as follows:
"Plaintiff has failed to present sufficient evidence as the moving party that she completed substantial job duties at home, therefore, this court finds that Carnegie Auto was Smith's fixed place of employment. SeeRuckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 119,689 N.E.2d 917.
 "Furthermore, an analysis of the totality of the circumstances test supports that there exists no issue of material fact that plaintiff's injury was not received in the course of her employment, nor arose out of her employment with Carnegie Auto; therefore, the `coming and going' *Page 5 
exception is not applicable. See Bodzin, 2004-Ohio-5390; Watkins v. Metrohealth System, 8th Dist. No. 80567, 2002-Ohio-5961; MTD Products, 61 Ohio St.3d at 69, 572 N.E.2d 661."
The trial court denied Smith's motion for summary judgment. Smith appeals, advancing three assignments of error for our review.
 {¶ 9} "I. Whether there was sufficient evidence that claimant performed substantial work at her home office on the morning of May 8, 2003 and was thus not a fixed situs employee."
 {¶ 10} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 11} In order to be compensable by workers' compensation benefits, an employee's injury must be one "received in the course of,and arising out of, the injured employee's employment." R.C. 4123.01(C) (Emphasis added). "In the course of refers to the time, place, and circumstances of the injury, and limits *Page 6 
compensation to injuries received while the employee was engaged in a duty required by the employer. Fisher v. Mayfield (1990),49 Ohio St.3d 275. In many cases, though not all, a "but for" test resolves the question. "Arising out of requires a causal connection between the injury and the employment. Id.
 {¶ 12} "Whether there is a sufficient `causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Lord v. Daugherty (1981), 66 Ohio St.2d 441, syllabus. "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 68. This is known as the "coming-and-going" rule. "The coming-and-going rule is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs ` in the course of and `arises out of the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C)." Ruckman v. Cubby Drilling,Inc., *Page 7 81 Ohio St.3d 117, 119, 1998-Ohio-455. The underlying rationale supporting this rule is that employees should be compensated for only those injuries arising out of the discharge of their duties and not risks and hazards "such as those of travel to and from work over streets and highways, which are similarly encountered by the public generally." Id., quoting Indus. Comm'n v. Baker (1933), 127 Ohio St. 345, paragraph four of the syllabus.
 {¶ 13} In order for the "coming-and-going" rule to apply, however, the employee must have a "fixed place of employment." In analyzing whether an employee was a fixed-situs employee for purposes of this rule, the Ohio Supreme Court in Ruckman, supra, explained as follows: "In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. * * * The focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment." Id. at 120 (citations omitted).
 {¶ 14} Smith argues that she is not a fixed-situs employee because "on a weekly basis she performed job duties at her home office." She argues that prior to the accident, she had finished labeling and stuffing approximately three hundred fliers at her home office and then mailed them on her way to the office.
 {¶ 15} We are unpersuaded that Smith is not a fixed-situs employee because she performs some duties at her home office. In IndustrialCommission v. Gintert *Page 8 
(1934), 128 Ohio St. 129, the Ohio Supreme Court held that a teacher who essentially prepared lesson plans at home could not receive workers' compensation benefits for injuries sustained in an auto accident while traveling from home to the school. In denying the claim, the court observed: "If there can be a recovery under the facts in this record, then there could be a like recovery in the case of any * * * employee employed in an office, bank, store, factory or other place of employment who carried home any books, papers, statements, etc., for any purpose at all connected with his duties, and sustained an injury while absent from the place of employment and while engaged in some act not in any wise connected with the duties of the employment."
Id. at 133. Allowing recovery on such a tenuous claim violates the fundamental principles associated with the workers' compensation laws. Id. at 133.
 {¶ 16} Similarly in Hughes v. Hughes Enterprises, Inc., Paulding App. No. 11-2000-11, 2000-Ohio-1937, the Third Appellate District found that there was no genuine issue of material fact as to Hughes, a self-employed chiropractor's status as a fixed-situs employee. Hughes argued that he used his home office to write patient reports. The court stated, "we are unpersuaded by [Hughes'] argument that simply writing reports at home should somehow entitle him to participate in the fund." Id.
 {¶ 17} In this case, the evidence did not establish that Smith performed her "substantial employment duties" at her home office rather than at Carnegie Auto Parts. We cannot say that stuffing envelopes is any different from preparing lesson plans or writing patient reports. Therefore, we find that there is no genuine issue of material fact as to Smith's status as a fixed-situs employee. Accordingly, Smith's *Page 9 
first assignment of error is overruled.
 {¶ 18} "II. Whether the trial court erred in finding that the totality of the circumstances exception to the coming-and-going rule did not apply in denying claimant the right to participate in the workers' compensation fund."
 {¶ 19} In Ruckman, the Ohio Supreme Court stated that a fixed-situs employee can avoid the force of the coming-and-going rule if she can otherwise demonstrate that she received her injury in the course of and arising out of her employment. Ruckman, supra at 120, citing MTDProducts, 61 Ohio St.3d 66. Accordingly, the rule does not operate as a complete bar to an employee who is injured commuting to and from work if "(1) the injury occurs within the `zone of employment,' (2) the employment creates a `special hazard,' or (3) there is a causal connection between the employee's injury and employment based on the `totality of the circumstances' surrounding the accident." Weiss v.Univ. Hosp. of Cleveland (2000), 137 Ohio App.3d 425, 430-431 (internal citations omitted).
 {¶ 20} Under this assignment of error, Smith argues that even if Smith was a fixed-situs employee at Carnegie Auto Parts, she would be entitled to receive workers' compensation benefits under the totality of the circumstances test.
 {¶ 21} As stated previously, in Lord, supra, at the syllabus, the Supreme Court of Ohio held that "whether there is a sufficient `causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances *Page 10 
surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." The use of the "totality of the circumstances" test to determine whether there exists a sufficient causal connection between the injury and the employment was reaffirmed in Fisher, supra.
 {¶ 22} Application of the Lord factors to the present case does not support compensation. There is no evidence in the record that suggests the accident happened in close proximity to Carnegie Auto Parts. The accident occurred on Carnegie Avenue at East 30th in Cleveland, Ohio, and Carnegie Auto Parts is located at 2070 East 61st Street. There is no evidence that Carnegie Auto Parts exercised control over the public roadway upon which the accident occurred. Finally, there is no evidence that Carnegie Auto Parts received a benefit as a result of Smith's presence at the scene of the accident. Accordingly, Smith's second assignment of error is overruled.
 {¶ 23} "III. Whether the trial court erred in failing to apply the special mission or special errand exception to the coming-and-going rule in denying claimant the right to participate in the workers' compensation fund."
 {¶ 24} Lastly, Smith argues that she was on a "special mission" or "special errand" for her employer and therefore entitled to participate in the workers' compensation fund. Smith contends that her boss, who is her husband, told her to *Page 11 
mail the fliers from the Broadview Heights post office on her way into work. In order for the "special mission" or "special errand" exception to apply, "the mission must be a major factor in the journey or movement, and not merely incidental thereto, and the mission must be a substantial one." Pierce v. Keller (1966), 6 Ohio App.2d 25, 29, quoting 99 C.J.S. Workmen's Compensation, Section 234d, p. 828.
 {¶ 25} Here, Smith dropped her daughter off at school, which was located on Wallings Road. Smith then drove to the Broadview Heights post office on Royalton Road "a couple [of] miles" from her daughter's school to mail the fliers. Thereafter, while traveling to work, Smith was in a motor vehicle accident.
 {¶ 26} We find that the "special mission" or "special errand" exception does not apply because the mailing of the fliers was merely incidental to her dropping her daughter off at school. It was not a major factor in her journey. Accordingly, Smith's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
SEAN C. GALLAGHER, JUDGE
 FRANK D. CELEBREZZE, JR., A. J., and JAMES J. SWEENEY, J., CONCUR *Page 1