[Cite as *Parrish v. Cavaliers Holding, L.L.C.*, 2019-Ohio-89.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106911**

---

## LOUIS PARRISH

PLAINTIFF-APPELLANT

vs.

## CAVALIERS HOLDING, L.L.C.

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-867309

**BEFORE:** Celebrezze, J., S. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 10, 2019

**ATTORNEYS FOR APPELLANT**

David L. Meyerson
Shaun H. Kedir
Seaman & Associates
1400 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Kimberlee J. Kmetz
Kmetz Llaw, L.L.C.
75 Milford Drive, Suite 203
Hudson, Ohio 44236

Ohio Attorney General
BY:   Mark E. Mastrangelo
Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, Louis Parrish ("Parrish"), appeals the trial court's order granting summary judgment in favor of defendant-appellee, Cavaliers Holding, L.L.C. ("appellee"), which denied worker's compensation benefits to Parrish.   Parrish argues that he sustained an injury while in the course and scope of his employment.   After a thorough review of the record and law, this court affirms.

## I.   Factual and Procedural History

{¶2} Parrish is employed by appellee as a "guest service representative." Parrish works exclusively at the Quicken Loans Arena ("the arena") in downtown Cleveland, Ohio.   On

January 29, 2013, Parrish was walking to the arena on his way to work and was injured after he slipped and fell on the floor in an enclosed, indoor walkway ("walkway"). The walkway connects the arena to the Tower City building. Appellee provided Parrish with a parking pass that allowed him to park for free in a parking lot adjacent to the Tower City building.

{¶3} Parrish applied for workers' compensation benefits; however, he was denied benefits by the district hearing officer. Parrish appealed that decision to a staff hearing officer who affirmed the district hearing officer's decision. Parrish thereafter appealed the staff hearing officer's decision, and on appeal, that decision was affirmed. Parrish then filed an appeal to the Cuyahoga County Common Pleas Court on August 8, 2016.

{¶4} In the trial court, appellee filed a motion for summary judgment arguing that Parrish did not sustain his injuries while in the course of his employment. Parrish also filed a partial motion for summary judgment on the same particular issue. However, Parrish did not move for summary judgment on the issue of what actual injuries he sustained as a result of the fall. The trial court then issued a decision on February 16, 2018, granting appellee's motion for summary judgment and denying Parrish's motion for partial summary judgment. Parrish then filed this appeal assigning the following errors for our review:

> I. The trial court erred in granting summary judgment in favor of [appellee] on the question of whether [Parrish's] injury occurred in the course of and arising out of his employment with [appellee].

> II. The trial court erred in denying [Parrish's] partial motion for summary judgment on the issue of whether [Parrish's] injury occurred in the course of and arising out of his employment.

## II. Law and Analysis

### A. Standard of Review

**{¶5}** Parrish argues that the trial court erred in granting appellee's motion for summary judgment and denying his partial motion for summary judgment because he is entitled to workers' compensation benefits under the "zone of employment" and "totality of the circumstances" exceptions to the "coming-and-going rule." Parrish's two assignments of error are interrelated and will be addressed together for ease of discussion.

**{¶6}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998).

**{¶7}** In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton* at 105, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

**{¶8}** "The moving party has the initial responsibility of establishing that it is entitled to summary judgment." *UBS Fin. Servs. v. Lacava*, 8th Dist. Cuyahoga No. 106256, 2018-Ohio-3165, ¶ 17, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

**{¶9}** "Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the nonmoving party has a duty to come forth with argument and

evidence demonstrating a material issue of fact does exist that would preclude judgment as a matter of law." *Lacava* at ¶ 18, citing *Dresher* at *id.* Thereafter, "summary judgment is appropriate if the nonmoving party fails to meet this burden." *Id.*

### B. Workers' Compensation

{¶10} R.C. 4123.01(C), Ohio's Workers' Compensation statute, encompasses "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." Generally, in order to be entitled to receive workers' compensation benefits, Ohio law requires that the worker demonstrate that both (1) the injury occurred "in the course of employment," and (2) the injury "arises out of that employment." *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 121, 689 N.E.2d 917 (1998), citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990). The Ohio Supreme Court in *Fisher* recognized the undivided nature of this coverage formula, finding that the failure to satisfy both prongs precludes recovery under the Workers' Compensation Act. *Fisher* at 277. The court additionally noted that workers' compensation statutes are to be liberally construed in favor of awarding benefits to the employee, but clarified that all elements of the formula must be met prior to the awarding of benefits. *Id.* at 277-278.

{¶11} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991), citing *Bralley v. Daugherty*, 61 Ohio St.2d 302, 401 N.E.2d 448 (1980). The above rule has come to be known as the "coming-and-going rule." "The coming-and-going rule is used to determine whether an injury suffered by an employee in a traffic accident occurs 'in the

course of' and 'arises out of' the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C)." *Ruckman* at 119. Thus, in light of this rule, compensation is only allowed under certain well-defined exceptions.

> The "coming-and-going rule" does not operate as a complete bar to an employee who is injured commuting to and from work if: 1) the injury occurs within the "zone of employment"; 2) the employment creates a "special hazard"; 3) there is a causal connection between the employee's injury and employment based on the "totality of circumstances" surrounding the accident; or 4) the employee is performing a "special mission" for the employer. *MTD*, *supra*. *See also, Smith v. Carnegie Auto Parts, Inc.,* [8th Dist.] Cuyahoga No. 88343, 2007-Ohio-992.

*Bowden v. Cleveland Hts.-Univ. Hts. Schools*, 8th Dist. Cuyahoga No. 89414,

2007-Ohio-6804, ¶ 14.

{¶12} In the instant matter, Parrish argues that he is entitled to workers' compensation benefits under the "zone of employment" and "totality of the circumstances" exceptions to the "coming-and-going rule," most notably, because appellee controlled where Parrish parked.[1]

### 1. Zone of Employment

{¶13} Parrish contends that he was injured in the "zone of employment" because appellee controlled where he had to park and where he had to enter work. "The 'zone of employment' has been extended to include areas off the employer's premises if the worker has been injured in a place where the employer has control of the conditions and the employee has no option but to pursue a given course." *Shafer v. Tri-Arch*, 8th Dist. Cuyahoga No. 85188, 2005-Ohio-2845, ¶ 9, citing *Morris v. Cleveland*, 44 Ohio Law Abs. 215, 64 N.E.2d 134 (8th Dist.1945). "If the area is under the employer's control and the street is the sole access route to the place of employment, the employee is within this 'zone of employment.'" *Meszaros v. Legal News*

---

[1] Parrish concedes that the "special hazard" exception is inapplicable to the present facts and circumstances, therefore that exception is omitted from our analysis. Although the parties do not address the "special mission" exception, we note that this exception is not relevant to the instant matter and we omit it from our analysis as well.

*Publishing Co.*, 138 Ohio App.3d 645, 647, 742 N.E.2d 158 (8th Dist.2000), citing *Bralley*. Even if the street is not under the control of the employer, the employee is within the "zone of employment" if the employee could not reach the workplace entrance from the employee parking lot without crossing the public street. *Baughman v. Eaton Corp.*, 62 Ohio St.2d 62, 402 N.E.2d 1201 (1980). If the employee is injured on the public street while traveling from a lot not owned or operated by the employer, which the employees were not required to park in, the employee was not injured within the zone of employment. *Weiss v. Univ. Hosps. of Cleveland*, 137 Ohio App.3d 425, 738 N.E.2d 884 (8th Dist.2000).

{¶14} In support of his argument that he was within the zone of employment when he sustained his injuries, Parrish argues that he had no choice but to park at the parking lot and use the walkway to reach the arena. To this end, Parrish directs this court's attention to *Meszaros*. In *Meszaros*, an employee was injured when he slipped and fell on ice on a driveway while walking from a parking lot to his place of employment. The employer assigned the employee to the parking lot, paid for the employee to park there, and leased parking spaces from the owner of the parking lot. *Id.* at 648. This court therefore found that the employer induced the employee to park in this lot. Further, the employer provided two access routes from the parking lot to its building. However, because one of those routes was inaccessible, the employer intended the employees to use the particular driveway where the employee was injured. *Id.* Based on these facts, this court concluded that when the employee "arrived in the parking lot, he arrived on premises leased by the [employer]" and therefore, the employee was within the zone of employment. *Id.* at 649.

{¶15} In the instant matter, Parrish states that he originally parked in two other parking lots while employed by appellee. After initially parking in a parking garage, Parrish states that

appellee then directed Parrish to park in a second location, a parking lot by the Cuyahoga River. However, individuals were attacked in this parking lot and appellee thereafter instructed Parrish to park in a third location, the parking lot adjacent to the Tower City building. Parrish also states that appellee prohibited him from using his parking pass for non-work-related events.

{¶16} Nevertheless, we note that appellee offered Parrish a free parking pass. If Parrish chose to utilize the free parking, Parrish had to park in the parking lot adjacent to the Tower City building. Therefore, to the extent that Parrish argues that he had no choice where to park, this is not true. There were other parking options available, notably many street level parking lots and other parking garages within the immediate surrounding area of the arena. By providing the free parking pass, however, appellee did induce Parrish to utilize the parking lot adjacent to Tower City. This fact is not dispositive to our "zone of employment" analysis because appellee did not *assign* Parrish to the parking lot adjacent to Tower City. *See Meszaros,* 138 Ohio App.3d 645, 742 N.E.2d 158. Nor did appellee *require* Parrish to park in this parking lot. *See Shafer*, 8th Dist. Cuyahoga No. 85188, 2005-Ohio-2845. Therefore, we do not find any merit to Parrish's arguments that appellee controlled where he parked.

{¶17} Moreover, because we find that appellee did not require that Parrish park in the parking lot, the instant matter is distinguishable from this court's previous cases, most notably, *Shafer*. In *Shafer,* this court found that an employee's injury did occur in the "zone of employment" because the employer required the employee to park in a designated parking lot. After the employee completed her shift, she was crossing the street from her employer's business to her vehicle in the designated parking lot. While crossing the street, she was struck by a car and she sustained injuries. This court found that the employee was within the "zone of employment" because the employer required the employee to park in that particular parking lot.

This court also noted that the employer leased parking spaces from the parking lot's owner specifically for its employees to use.

{¶18} Thus, with regards to the "zone of employment" exception, the instant matter is more analogous to *Weiss*, 137 Ohio App.3d 425, 738 N.E.2d 884. In *Weiss*, an employee tripped on a curb while walking from a parking lot to her place of work. This curb was on a portion of a street that was under construction. Although the employer owned the parking lot, the parking lot was maintained and operated by another entity. Moreover, it was this other entity that assigned the employee to the particular parking lot, not the employer. Therefore, this court found that the employer did not control where the employee parked because the employee was not required by the employer to park in the parking lot. As such, the employee was not within the "zone of employment" when she sustained her injuries.

{¶19} Parrish also argues that he was within the "zone of employment" because the walkway was within the normal and customary means of access from the parking lot to the arena. More specifically, Parrish argues that because appellee controlled where he parked, and due to the fact that the walkway was the normal and customary means of access, appellee exerted control over where Parrish was located at the time of his injury.

{¶20} We disagree with Parrish's arguments in this regard because Parrish had other parking options and appellee did not require Parrish to park in a particular location. If an employee chooses to park in a particular location, and is not required to do so by their employer, the employee is not within the zone of employment. Given the fact that Parrish was not required to park in the parking lot adjacent to Tower City, we cannot find that Parrish did not have any other options than to pursue a given course; the walkway. Moreover, as the trial court noted,

appellee did not require its employees to use the walkway route. Therefore, appellee did not exert control over where Parrish was located at the time of his injury.

{¶21} In addition, we find that appellee did not have control over the area where Parrish was injured. The parking lot adjacent to Tower City is open to the general public. There is no evidence that appellee leased or even reserved parking spaces for its employees. *See Shafer*, 8th Dist. Cuyahoga No. 85188, 2005-Ohio-2845. The walkway where Parrish was injured was also open to the general public. Appellee did not own or have control over the walkway as conceded by Parrish. In fact, the walkway is owned by the Greater Cleveland Regional Transit Authority ("RTA") as also conceded by Parrish. RTA is responsible for maintaining this walkway; however, RTA contracts with a company, Anchor Cleaning, for the purposes of cleaning and maintenance of the walkway. Considering all of these facts, appellee did not have control over the walkway.

{¶22} In our review of the record, we find that appellee did not control where Parrish parked, appellee did not have control over the area where Parrish was injured, and appellee did not exert control over where Parrish was located at the time of his injury. Therefore, we find that Parrish was not in the zone of employment when he was injured and, accordingly, his claim is not compensable under this exception to the coming-and-going rule.

## 2. Totality of the Circumstances

{¶23} Parrish also argues that his injuries fall under the "totality of the circumstances" exception to the coming-and-going rule. Under this exception, Parrish contends that there is a causal connection between his injury and his employment based on the totality of the circumstances surrounding the accident.

[T]he Supreme Court of Ohio held that "whether there is a sufficient 'causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident."

*Smith,* 8th Dist. Cuyahoga No. 88343*, 2007-Ohio-992, at ¶ 21, quoting *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), syllabus. Further, the Ohio Supreme Court has directed that, "when applying the analysis set forth above, a reviewing court must examine the separate and distinct facts of each case." *Fisher*, 49 Ohio St.3d at 280, 551 N.E.2d 1271.

{¶24} In our review of the record, we find, that the proximity of the scene of the accident to the place of employment was significant. The walkway immediately connects to the arena, Parrish's place of employment. Therefore, the first factor weighs in favor of Parrish.

{¶25} However, as we noted above, the walkway is not owned, maintained, or controlled by appellee. Two distinct entities, RTA and Anchor Cleaning, own, maintain, and control the walkway. Therefore, the second factor does not weigh in Parrish's favor.

{¶26} Lastly, we note that although it could be argued that appellee benefitted from Parrish parking in the parking lot adjacent to Tower City, appellee did not benefit from Parrish's actual presence at the scene of the accident as required under the totality of circumstances analysis. We note that the trial court found that Parrish and appellee had a "non-mandatory parking arrangement" and we agree with this characterization. The trial court found that the "arrangement" was "better classified as a perk to [Parrish as an employee] rather than a benefit to [appellee because Parrish] had 'not yet perform[ed] any service for the benefit of his employer' prior to arriving at work." Trial Court's 2/16/18 journal entry.

{¶27} Notwithstanding the fact that we find that the proximity of the scene of the accident to the place of Parrish's employment weighs in Parrish's favor, because we find that appellee received no benefit from Parrish's presence at the scene of the accident and appellee did not control the area where Parrish was injured, we find that there is no causal connection between his injury and his employment based on the totality of the circumstances surrounding the accident.

{¶28} Accordingly, the trial court did not err in granting summary judgment in favor of appellee and did not err in denying Parrish's partial motion for summary judgment. Parrish's assignments of error are overruled.

### III. Conclusion

{¶29} Appellee did not require Parrish to park at the parking lot adjacent to Tower City and appellee did not have control over the walkway where Parrish was injured. Therefore, Parrish was not within the zone of employment when he was injured. Notwithstanding the proximity of the scene of the accident to the place of Parrish's employment, appellee received no benefit from Parrish's presence at the scene of the accident and appellee did not control the area where Parrish was injured, therefore there is no causal connection between his injury and his employment based on the totality of the circumstances surrounding the accident. As a result, the trial court correctly found that Parrish was not entitled to workers' compensation benefits, and properly granted appellee's motion for summary judgment and denied Parrish's partial motion for summary judgment.

{¶30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., CONCURS (WITH SEPARATE CONCURRING OPINION); ANITA LASTER MAYS, J., CONCURS WITH MAJORITY AND WITH SEPARATE CONCURRING OPINION

SEAN C. GALLAGHER, P.J., CONCURRING:

**{¶31}** I concur with the majority decision and agree that neither the zone of employment nor the totality of circumstances exceptions to the coming-and-going rule apply in this matter.

**{¶32}** I recognize that although Parrish may not have been required to park in the parking lot adjacent to the Tower City building, his employer provided him with a parking pass and directed him to park in this location. However, unlike the cases Parrish relies on, in this matter there was evidence establishing that the parking lot was not owned, maintained, or controlled by appellee, and that Parrish was not restricted to this parking location as a condition of his employment, even though he would have to pay for parking elsewhere.

**{¶33}** The "zone of employment" has been defined as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under the control of the employer." *Marlow v. Goodyear Tire & Rubber Co.*, 10 Ohio St.2d 18, 22, 225 N.E.2d 241 (1967), quoting *Merz v. Indus. Comm.*, 134 Ohio St. 36, 39, 15 N.E.2d 632 (1938). Where an employee is injured while traveling between the employee's work location and parking location, the question of control enters into the consideration. *Molton v. Kroger Co.*, 2d Dist.

Montgomery No. 27184, 2017-Ohio-565, ¶ 13 Under the zone-of-employment test, an employee is considered within the zone of employment if the parking location is under the employer's control and the employee is injured along a required route to the place of employment. *Id*. at ¶ 13, citing *Meszaros v. Legal News Publishing Co.*, 138 Ohio App.3d 645, 647, 742 N.E.2d 158 (8th Dist.2000).

{¶34} In this case, the location where Parrish parked was not under appellee's control. The parking lot was open to the public and, unlike *Meszaros*, none of the spaces were leased by Parrish's employer. Further, even though Parrish received a parking pass and was directed to the lot adjacent to Tower City, unlike *Shafer v. Tri-Arch 14*, 8th Dist. Cuyahoga No. 85188, 2005-Ohio-2845, there was no requirement that Parrish had to park in the lot as a condition of his employment and he could have opted to park in a different location. Accordingly, I agree with the determination that appellee was not within the zone of employment. I also agree with the determination that the "totality of the circumstances" exception to the coming-and-going rule does not apply in this matter.